DANIEL P. FAHY *vs.* DIRECTOR GENERAL OF RAILROADS.

Middlesex. March 3, 1920. — April 10, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Negligence*, Railroad, Contributory, Imputed. *Railroad*, Grade crossing. *Proximate Cause*. *Practice, Civil*, Requests for rulings.

A guest in a motor car, approaching a grade crossing of a railroad with a highway, was told to "listen for a bell or whistle," and did so, but heard neither. The view along the track was obstructed until the motor car was within twenty-seven feet from the track, when the driver saw a railroad train approaching, which was about one hundred and twenty feet away. The guest jumped and was injured. The driver of the motor car proceeded at an increased speed and passed the crossing in safety. In an action by the guest to recover for his injuries against the director general of railroads, who was operating the railroad company, the jury found specially that the signals required by St. 1906, c. 463, Part II, §§ 147, 148, were not given, and it was *held*, that there was evidence

warranting a finding that omission to give the signals was negligence of the defendant which contributed to the injury to the plaintiff.

At the trial of the action above described, there was evidence tending to show that the plaintiff's host was reckless in driving the motor car in front of the train as he did. The plaintiff testified that he was looking and listening for an approaching train and relied on himself to learn of its approach. The defendant asked for and the judge refused to make rulings in substance that, if the jury found that the driver of the motor car was reckless, such negligence should be imputed to the plaintiff. *Held,* that the rulings properly were refused, because it could not be said as a matter of law that the plaintiff entrusted himself wholly to the care of his host.

A guest in a motor car which is approaching a grade crossing of a railroad with a highway properly may rely on his host to drive the vehicle while he himself uses his senses to ascertain whether a train is approaching; and if, when a train, whose approach has not before been ascertained because the view of the crossing was obstructed and because the signals of its approach required by statute were not given, suddenly is seen one hundred and twenty feet away, the host carelessly drives forward at an increased speed and avoids a collision, but the guest, fearing a collision, jumps from the motor car and is injured, it cannot be ruled as a matter of law, in an action against the operator of the railroad to recover for such injuries, either that negligence of the host should be imputed to the guest, or that the guest was guilty of contributory negligence.

It not being denied, in the action above described, that the plaintiff was a guest of the driver of the motor car, a request for a ruling that he and the driver were engaged in a joint enterprise and therefore that he was bound by the driver's neglect, properly was refused.

TORT for personal injuries caused when the plaintiff jumped from a motor car, in which he was riding as a guest of one Frank L. McKean, who was driving, when it approached a grade crossing of a highway with the railroad operated by the defendant, upon which a train was alleged to have been approaching without sound of whistle or bell. Writ dated August 27, 1918.

In the Superior Court, the action was tried before *Raymond, J.* Material evidence is described in the opinion.

At the close of the evidence, the defendant moved that a verdict be ordered in his favor. The motion was denied. The defendant also asked for the following rulings:

"1. If the jury find that Frank L. McKean was negligent in operating the automobile, and that this negligence contributed to the accident and that the plaintiff had trusted solely to the care and caution of said McKean, he cannot recover.

"2. If the jury find that the plaintiff and Frank L. McKean were engaged in a common enterprise and that said McKean was guilty of negligence, the plaintiff cannot recover.

"3. If the jury find that the plaintiff voluntarily surrendered all care of his person to Frank L. McKean and absolutely relied upon the caution of said McKean, he cannot recover.

"4. If the jury find that the plaintiff's right of recovery depends upon the due care of Frank L. McKean, they are instructed that there is no presumption that said McKean was in the exercise of due care, but the burden is upon the plaintiff to establish that fact by a fair preponderance of the evidence.

"5. If the jury find that the engine of the defendant's train was seen by the driver of the automobile at a time when there was still a reasonable opportunity to stop the automobile before it would reach the railroad crossing, the plaintiff cannot recover.

"6. If the jury find that both the plaintiff and the driver of the automobile saw the engine of the defendant's train approaching the crossing at a time when his automobile was at a sufficient distance from the crossing and was moving at a sufficiently slow rate of speed that they had a reasonable opportunity to stop said automobile before reaching said crossing, the plaintiff cannot recover.

"7. If the jury find that the driver of the automobile and the plaintiff both saw the defendant's engine at such a time and under such circumstances as would have caused and permitted a reasonably careful man operating said automobile not to have proceeded upon the crossing, the plaintiff cannot recover.

"8. If the jury find that the driver of the automobile saw the defendant's engine at such a time and under such circumstances as would have caused a reasonably careful man operating said automobile not to have proceeded upon the crossing, any failure on the part of the agents or servants of the defendant to have given the warnings required by statute would not be a contributing cause to the accident and would not be such negligence as would support a verdict for the plaintiff.

"9. If the jury find that the relations and understanding between the plaintiff and McKean were of such a nature that both parties anticipated that the movements of the automobile, after the time the defendant's engine was seen by McKean, was to depend solely upon the judgment and caution of said McKean and that they further find that negligence of McKean contributed to the accident, the plaintiff cannot recover.

"10. If the jury find that the relations and understanding be-

tween the plaintiff and McKean were of such a nature that both parties anticipated that the movements of the automobile, after the time that the defendant's engine was seen by McKean, was to depend solely upon the judgment and caution of said McKean and that at the time said engine was so seen, the automobile was at such a distance from the crossing and was moving at such a speed that McKean had a reasonable opportunity to stop the automobile before reaching the crossing, the plaintiff cannot recover.

"11. If the jury find that the relations and understanding between the plaintiff and McKean were of such a nature that both parties anticipated that the movements of the automobile, after the time that the defendant's engine was seen by McKean, was to depend solely upon the judgment and caution of said McKean, the plaintiff cannot recover."

The rulings were refused. There was a verdict for the plaintiff in the sum of $3,950; and the defendant alleged exceptions.

*J. M. O'Donoghue*, for the defendant.

*J. C. Reilly*, for the plaintiff.

CARROLL, J. The plaintiff was injured by jumping from the rear seat of an automobile, in which he was riding as the guest of the owner and driver, Frank L. McKean, at a double track grade crossing in the town of Dunstable. There was evidence that about five hundred feet from the crossing the automobile was stopped and as it started McKean told the plaintiff and two companions who were with him that they were approaching the crossing and to "listen for a bell or whistle." The road was down grade to a point about fifteen feet from the crossing, then up grade to the crossing. From a distance of two hundred feet to within about eight feet of the nearest rail, or twenty-seven feet from the farthest rail, as stated by the witnesses, there were bushes which obscured the view of an approaching train. When the automobile going at the rate of fifteen miles an hour was within twenty-seven feet of the farthest track, upon which the train was approaching, both McKean and the plaintiff saw the train, — then about one hundred and twenty feet away. McKean started the automobile forward and the plaintiff jumped to the ground, striking his foot against the planking. The automobile safely passed the crossing. The plaintiff testified that he was looking and

listening for a bell or whistle and heard none, and neither saw nor heard anything indicating the approach of a train until he was within twenty-seven feet of the track. The jury found that the statutory signals were not given.

1. The defendant contends that the omission to give the statutory signals was not a contributing cause to the plaintiff's injury. If the jury believed the testimony of the plaintiff that the view of the train was concealed by the bushes and while listening he heard no signal by bell or whistle, they could find that by reason of the defendant's neglect he was placed in a position of great danger but a short distance from a rapidly moving train, and that this neglect contributed to his injury. *Doyle* v. *Boston & Albany Railroad,* 145 Mass. 386, 387. *Kelsall* v. *New York, New Haven, & Hartford Railroad,* 196 Mass. 554, 555. *Engleman* v. *Boston & Maine Railroad,* 210 Mass. 179, 181. *Griffin* v. *Hustis,* 234 Mass. 95.

2. There was evidence from which the jury could find that the plaintiff did not surrender all care for himself to the caution of the driver McKean. He testified that he was looking and listening and relied on himself to learn of the approach of the train; and if it could be said that McKean was reckless and lacking in due care in not bringing the automobile to a stop at once on seeing the train, instead of driving forward at an increased speed and barely escaping a collision, his lack of care is not to be imputed to the plaintiff so as to charge him with McKean's neglect. Even if McKean had a reasonable opportunity when he first saw the train to stop the automobile before reaching the crossing, the plaintiff might still be found to have been careful if he trusted to himself for his safety. The jury were told if the plaintiff surrendered his care and safety to McKean and McKean was careless, the plaintiff could not recover. There was no error, therefore, in refusing the defendant's requests based on the assumption that the plaintiff voluntarily surrendered all care of his person to McKean.

The plaintiff could properly rely on McKean to drive the automobile while he himself used his own senses to ascertain the approach of the train. There was no error in the refusal to give the defendant's request bearing on this part of the case. *Griffin* v. *Hustis, supra.*

3. The defendant asked that a verdict be directed in his favor

because the plaintiff was not in the exercise of due care. It was plainly a question for the jury whether the plaintiff's conduct in remaining in the automobile until he saw the train was that of a prudent man. They might say that up to this time he did all that could be expected of a person of ordinary care and caution. If, as soon as the plaintiff saw the danger, without time for reflection, realizing that the train was within a few feet of him and that a collision was almost inevitable he jumped from the automobile, thinking it best for his safety, and if the jury found that such conduct was reasonable in view of all the circumstances, they could decide he was using proper care and it could not be ruled as matter of law that he was careless. *Griffin* v. *Hustis, supra.*

It was not denied that the plaintiff was a guest of McKean. He was not, therefore, engaged in a joint enterprise with the owner of the automobile, and was not bound by his neglect. *Peabody* v. *Haverhill, Georgetown & Danvers Street Railway,* 200 Mass. 277, 279. We find no error in the judge's charge taken as a whole.

*Exceptions overruled.*