KATHERINE F. STEMLER *vs.* CORRIA C. CADY.

Worcester.   September 24, 1923. — October 9, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & JENNEY, JJ.

*Negligence,* Imputed, Of guest.   *Agency,* Existence of relation.   *Parent and Child.*

The mere fact, that the driver of a motor vehicle was the servant or agent of the father or of the mother of a girl eleven years of age, riding with him with the consent of her mother and injured in a collision with another motor vehicle caused by negligence of the drivers of both vehicles, did not constitute him a servant or agent of the girl so that by reason of such agency his negligence would bar recovery for her personal injuries in an action against the owner of the other vehicle.

At the trial of the action above described, there was evidence tending to show that the plaintiff was a guest of the driver of the motor vehicle in which she was riding, that, just before the collision, she was looking ahead and saw the defendant's automobile approaching on the wrong side of the road, and that the collision occurred so suddenly that she had no time nor opportunity to escape.   The judge fully and clearly instructed the jury on the law of imputed negligence so far as applicable.   *Held,* that, while, so far as the operation of the vehicle was concerned, the plaintiff necessarily relied largely on the experienced driver, it could not be ruled as a matter of law that the plaintiff " voluntarily surrendered all care to the driver " of the car in which she was riding so that his negligence was imputed to her and barred her recovery, and that the question, whether the driver's negligence should be imputed to her, properly was left to the jury.

TORT for personal injuries received in a collision between a motor truck in which the plaintiff, a girl eleven years of age, was riding and an automobile owned by the defendant and driven by his chauffeur.   Writ dated January 20, 1922.

In the Superior Court, the action was tried before *Sanderson,* J.   Material evidence is described in the opinion.   At the close of the evidence, the defendant asked for the following rulings:

" 1. If the jury finds that the driver, Langer, was negligent and his negligence contributed to the accident, the plaintiff cannot recover.

" 2. The plaintiff voluntarily surrendered all care to the · driver, Langer, and she is bound by his negligence.

" 3. The driver, Langer, was the agent of the plaintiff's father, or mother, while driving the automobile at the time of the accident, and if the jury finds that Langer's negligence contributed to the accident, the plaintiff cannot recover."

The rulings were refused. There was a verdict for the plaintiff in the sum of $1,912.50. The defendant filed and the judge allowed a bill of exceptions which did not state any exception saved by the defendant.

The case was submitted on briefs.

*D. F. Gay,* for the defendant.

*P. F. Ward,* for the plaintiff.

DeCourcy, J. The plaintiff, a girl eleven years of age, was injured when an auto truck in which she was riding came into collision with the defendant's automobile, in which he was riding with his chauffeur. The auto truck was owned by the plaintiff's father, and was operated by her cousin Arthur F. Langer. On the day of the accident Langer started for Leominster with a load of potatoes and the plaintiff and her mother rode with him. At Fitchburg her mother alighted; and at Langer's request, and with her mother's consent, the plaintiff was on the way to Leominster when the accident happened. Admittedly there was evidence for the jury of negligence on the part of Langer and of the defendant's chauffeur. There was a verdict for the plaintiff. The exceptions (assuming that they were properly saved) are to the refusal of the trial judge to give certain requested rulings.

These rulings were based upon the assumption that the negligence of Langer as matter of law precluded the plaintiff from recovering, either because he was the agent of her father or mother, or because she had surrendered all care for her safety to him, and his negligence thereby became imputable to her. While the third request assumed as an established fact that Langer was such agent, the jury could find otherwise. Even if such agency were shown, Langer was not the agent or servant of this plaintiff. The jury could find on the evidence that she was his guest, and exercised no control over his actions in operating the auto truck. *Peabody* v. *Haverhill, Georgetown & Danvers Street Railway,* 200 Mass. 277.

The only other question raised is whether Langer's negligence was imputable to the plaintiff on the ground of " voluntary, unconstrained, non-contractual surrender of all care " on her part to his caution. *Shultz* v. *Old Colony Street Railway*, 193 Mass. 309, 323. As matter of fact, and notwithstanding her assent to the cross-examiner's leading questions, it could be found on the evidence that she was looking ahead, saw the defendant's automobile approaching on the wrong side of the road, and that the collision occurred so suddenly that she had no time or opportunity to escape. So far as the operation of the machine was concerned, she necessarily relied largely on the experienced driver of the car. *Griffin* v. *Hustis*, 234 Mass. 95, and cases cited. And she had no reason to anticipate the sudden change of direction taken by one or both automobiles which resulted in the collision. The judge fully and clearly instructed the jury on the law of imputed negligence so far as applicable, embodying in his charge pertinent portions of the opinion in the Shultz case. There was no error in the refusal to give the rulings requested.

*Exceptions overruled.*