EVA M. DUMAS *vs.* JOHN C. WARD.

OVIDE A. DUMAS *vs.* SAME.

Worcester.    January 14, 1925. — February 27, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* Imputed. *Practice, Civil,* Verdict. *Evidence,* Competency, Materiality.

The record and a bill of exceptions by the defendant in an action of tort for personal injuries alleged to have been received in a collision between an automobile in which the plaintiff was riding as a passenger and one driven by the defendant showed that there were tried with the action cross actions between the drivers of the two automobiles. The record did not show any evidence bearing on the question of negligence of either of the drivers or of the plaintiff. The defendant excepted to the admission of testimony of the driver of the car in which the plaintiff was riding tending to show that, although he was in the business of transporting passengers for hire, he was transporting the plaintiff as a neighborly act without any agreement or understanding that he was to receive pay therefor. The judge refused to give rulings to the effect that the plaintiff was being transported for hire and not as a guest or an invitee, and that, if negligence of the driver of the automobile in which he was riding contributed to the accident, the plaintiff could not recover; and instructed the jury that, if no negligence of the plaintiff contributed to his injury and the injury was caused by negligence of the defendant, the plaintiff might recover. There was a verdict for the plaintiff. In each of the actions between the drivers, there was a verdict for the defendant. *Held,* that

(1) The verdicts in the actions between the drivers did not as matter of law require an inference that both drivers were negligent and nothing shown by the record required such an inference;

(2) The question, whether the driver of the automobile in which the plaintiff was riding was negligent, being an issue, the question of the relation between that driver and the plaintiff also became an issue, and the testimony of the driver properly was admitted;

(3) On the record, the jury properly might have found either that the plaintiff was a passenger or was a gratuitous guest of the driver of the automobile in which he was riding, and therefore it was proper for the judge to refuse to rule that negligence of the driver as matter of law might be imputed to the plaintiff;

(4) The judge properly instructed the jury that if they found that no negligence on the part of the plaintiff contributed to the accident and that it was caused by negligence of the defendant, the plaintiff was entitled to recover.

TWO ACTIONS OF TORT for personal injuries resulting to the plaintiffs by reason of a collision between an automobile, in which, the declaration alleged, they were riding as passengers and which was being driven by one Eugene E. McCarthy, and an automobile driven by the defendant. The plaintiff in the second action was the husband of the plaintiff in the first action and sought consequential damages. Writs dated January 22, 1921.

In the Superior Court, the actions were tried together before *Walsh,* J. The record discloses only the evidence described in the opinion relative to the relation between McCarthy and the plaintiffs. There was no evidence tending to show that either automobile was damaged or that either McCarthy or Ward was injured.

Rulings asked for by the defendant and refused by the judge are described in the opinion.

The defendant excepted to the following portion of the charge to the jury:

"Now, with reference to Mr. and Mrs. Dumas, it is claimed they were the guests of Mr. McCarthy. There is testimony, as I recall it, as to how they came to be in his automobile. You have in mind the circumstances under which they came from North Brookfield that evening. They were bound, as I recall it, for the hospital because of the condition of Mrs. Dumas, or under the advice of her physician. It

does appear that Mr. McCarthy was in business in North Brookfield, and you have in mind the kind of business he did. He sometimes rented automobiles that he owned and also did some renting business. Mr. McCarthy, as I recall his testimony, but it is for you to say what his testimony was, stated that he was not engaged this evening for hire, that he did this as a neighborly act at the request of Mr. Dumas, that it was not because of furnishing a taxi. It is for you to say what the circumstances were. You have heard what they were doing, what they noticed just as they were coming along Main Street before the accident. You have in mind where and how they were seated in the machine, and what they were doing. What opportunity they had of observing what was going on, and what opportunity they had of giving any warning if any danger was approaching, by reason of other vehicles or otherwise.

"If you are satisfied from all the evidence in the case from the circumstances which existed just before the accident that nothing that either of them did was negligent or careless, or that nothing either of them omitted to do was negligent or careless, in other words that they seated where they were at the time and under the circumstances were acting as an ordinary person would have acted at the time, and under all the circumstances and that nothing they did was something the ordinary person would not have done, and nothing that they omitted to do was something that the ordinary person would have done, in other words that they were not careless, and that no carelessness of theirs contributed to the injury, and you are satisfied that the carelessness of Dr. Ward, the negligence of Dr. Ward produced the injury which resulted in their being injured, then they are entitled to recover."

There was a verdict for the plaintiff in the first action in the sum of $500 and for the plaintiff in the second action in the sum of $100. The defendant alleged exceptions.

The cases were submitted on briefs.

*M. M. Taylor,* for the defendant.

*J. F. McGrath, J. J. MacCarthy & F. T. Mullin,* for the plaintiffs.

PIERCE, J. These are actions of tort brought by the plaintiffs, who are husband and wife, to recover damages for personal injuries sustained by a collision of two automobiles, one owned by Eugene E. McCarthy and the other by the defendant, John C. Ward. The cases were tried together to a jury with two other cases, Ward *v*. McCarthy and McCarthy *v*. Ward. In the last named cases the jury found for the defendants. In the two entitled Dumas *v*. Ward, the jury found in each case for the plaintiff. The same exceptions to the admission of testimony and to the refusals of the presiding judge to instruct the jury as requested were saved by the defendant in each case.

The facts appearing in the meagre record are, in substance, that on the night of the accident the plaintiff Mrs. Dumas became apprehensive that she was about to be confined and called a physican, who advised her husband to take his wife at once to a hospital; that the physician suggested that the husband get one McCarthy, who lived directly across the street, to take them. It further appears that McCarthy at that time was doing a taxi business, carrying people around for hire if they wanted him to do so. It further appears that at a quarter of one in the morning Dumas saw McCarthy and asked him to carry himself and his wife to the Memorial Hospital in Worcester; that McCarthy said "certainly," and thereafter drove his machine with the plaintiffs riding in it until the collision with the machine of the defendant on Main Street, Worcester. Subject to an exception by the defendant, McCarthy was allowed to answer "No, sir" to the question, "Were you to get any pay?" "No, sir" to the question "Was there any agreement you were to be paid for this?" and "Just as a neighborly act, naturally as anybody would," to the question, "Were you doing it as a neighborly act?"

At the close of the evidence the defendant duly requested the following instructions to the jury:

"1. If the negligence of the plaintiff, McCarthy, contributed to the accident, he cannot recover.

"2. If the negligence of the plaintiff, McCarthy, contrib-

uted to the accident, the plaintiffs, Ovide and Eva Dumas, cannot recover.

"3. Upon all the evidence as to the plaintiff, McCarthy, bringing the plaintiffs, Ovide and Eva Dumas, in his car to the point of accident, if the negligence of the plaintiff, McCarthy, contributed to the accident which there took place no one of the plaintiffs, McCarthy, Ovide and Eva Dumas, can recover.

"4. Upon the request of the plaintiff, Ovide Dumas, to the plaintiff, McCarthy, that he take him and his wife to the Memorial Hospital, if nothing whatsoever was said as to whether the plaintiff, McCarthy, was or was not to be paid for so taking them, there was a legal presumption that the services of the plaintiff, McCarthy, were for hire and were not gratuitous.

"5. If the plaintiff, McCarthy, conveyed the plaintiffs, Ovide and Eva Dumas, to Worcester upon the request of Ovide Dumas that he should take them to the Memorial Hospital in said Worcester, then the plaintiffs, Ovide and Eva Dumas, were not guests or invitees of the plaintiff, McCarthy, but were, in so going to Worcester, engaged upon their own enterprise, and the plaintiff, McCarthy, was in so going, acting as their agent.

"6. If the plaintiff, Eva Dumas, directed her husband, Ovide Dumas, to request the plaintiff, McCarthy, to take them to Worcester, or if she knew that he did so request the plaintiff McCarthy, and acquiesced in said request, then she stands as to her rights in the same legal position as the plaintiff, Ovide Dumas."

The defendant contends in support of his exception to the admission of the answers of McCarthy and to the refusal to give the requested instructions, that the finding for the defendants in the first two named actions "was, of course, a finding that the negligence of each of them contributed to the accident"; and that the finding for the plaintiffs in the last named actions "was, of course, a finding that they were 'guests' of McCarthy. Otherwise, they could not have recovered, he being found negligent." On the record of these actions no facts whatsoever are stated from which it can be

inferred that each driver of the colliding machines was negligent. The finding of the jury for the defendants, so far as the record discloses, is consistent with a collision which resulted as a pure accident. *Boyd* v. *Boston Elevated Railway*, 224 Mass. 199, 202. See also *Sullivan* v. *Old Colony Street Railway*, 200 Mass. 303, 308.

If we assume the negligence of McCarthy, it follows that it was legally proper to show the relation between McCarthy, as the owner and driver of the machine, and the Dumases; the order of proof being entirely within the discretion of the court. The evidence that McCarthy was in the business of renting automobiles and that he drove the machine which the plaintiffs had hired, if they were not his guests, warrants a finding, in the absence of countervailing circumstances not shown by the record, that they as mere passengers had no control over the driver, McCarthy, and that they were not engaged in a joint undertaking with him. Whether the plaintiffs were guests or passengers, the negligence of McCarthy, if such there were, is not imputable to them. The exceptions to the charge of the trial judge therefore must be overruled. In the driving of his own machine he was not, in either alternative relation, the servant of the plaintiffs whose orders and direction he was bound to obey. *Randolph* v. *O'Riordan*, 155 Mass. 331, 333. *Shultz* v. *Old Colony Street Railway*, 193 Mass. 309, 323. *Tornroos* v. *R. H. White Co.* 220 Mass. 336. *Griffin* v. *Hustis*, 234 Mass. 95.

The jury under the instructions of the trial judge must have found that the plaintiffs were not careless and that no carelessness of theirs contributed to the injury. The defendant does not contend that there was no evidence that the negligence of the defendant produced or contributed to the injury sustained by the plaintiffs. Upon the facts shown by the record the evidence was received rightly, and there was no error in refusing to give the requested instructions.

*Exceptions overruled.*