NORA T. O'BRIEN vs. EDWARD M. GUITERMAN.

WILLIAM A. WALKER vs. SAME.

BRIDGET M. WALKER vs. SAME.

Suffolk. March 22, 1926. — June 30, 1926.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence,* Motor vehicle, In use of highway. *Law of the Road.*

An exception to the denial of a motion that a verdict be ordered for the defendant in an action for personal injuries and damage to an automobile caused by a collision between an automobile driven by the plaintiff and an automobile driven by the defendant at intersecting streets was overruled, where the evidence was conflicting and raised questions for the jury as to the due care of the plaintiff under the law of the road, G. L. c. 89, § 8, and as to the negligence of the defendant.

THREE ACTIONS OF TORT, the first and third for personal injuries and the second for personal injuries and damage to the automobile of William A. Walker caused by a collision with an automobile owned and driven by the defendant at 5:30 P.M. on November 14, 1922. Writs dated January 9, 1924.

In the Superior Court, the actions were tried together before *Raymond,* J. Material evidence is described in the opinion. Motions by the defendant that verdicts be ordered in his favor were denied. There were verdicts for the plaintiffs in the sums of $5,000, $100, and $750 respectively. The defendant alleged exceptions.

*W. R. Bigelow,* for the defendant.

*D. J. Gallagher,* for the plaintiffs.

WAIT, J. There is nothing in these exceptions. The accident was caused by the failure of the defendant to see the plaintiff Walker's car in front of him as that car paused to avoid endangering pedestrians who crossed in front of it. The two cars were passing along intersecting streets. It was for the jury to determine, under proper instruction, whether the plaintiff failed to observe the law of the road, G. L. c. 89,

§ 8, with regard to an automobile approaching from his right. No horn was sounded by either car. It was for the jury to say whether this contributed to the accident.

The due care of the female plaintiffs, who were on the back seat of the Walker car, was also for the jury.

The judge could not rightly direct verdicts for the defendants.

In principle the case is fully covered by the decisions in *Dumas* v. *Ward*, 251 Mass. 497, and *Eammes* v. *Caplan*, 252 Mass. 205.

*Exceptions overruled.*