REBECCA HARTER *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

MARY LEWIS *vs.* SAME.

Suffolk. March 14, 1927.— May 19, 1927.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence,* Motor vehicle, Street railway, In use of highway, Contributory.

Where, at the trial of an action against a street railway company for personal injuries resulting from a collision between an electric street car and an automobile in which the plaintiff was riding, there was evidence that the motorman of the street car was acting in violation of the rules of the defendant, in that he did not sound a gong in passing another car of the defendant standing on a track on the same street to receive or deliver passengers, passed that car at a speed faster than a walk, and did not apply the brakes sufficiently to bring his car under control, it was proper for the judge to deny a motion by the defendant that a verdict be ordered in its favor.

At the trial of an action against a street railway company for personal injuries received by a woman, a guest in an automobile which was run into by a street car of the defendant, it appeared that, as the automobile, approaching from behind a street car which was standing to receive or discharge passengers, turned to its left to cross an adjoining track, it was struck by a street car approaching on that track without slowing down or giving warning signals. There was evidence that the plaintiff trusted the driver of the automobile, but also was looking out for herself; that she realized that an electric car might be coming and that there might be danger of accident if the driver drove the automobile on to the track of the defendant; that she watched and listened for herself, thought she was safe and did not do anything or speak to the driver of the automobile because it was less than a second between the time of the turning on to the track and the collision; and that the driver of the automobile justifiably relied on the motorman of the car obeying rules of the defendant which would have prevented the collision. *Held,* that it could not properly have been ruled as matter of law that the plaintiff's conduct was not that of a reasonable and prudent person or that she was guilty of contributory negligence.

Two ACTIONS OF TORT for personal injuries received while the plaintiffs were guests in an automobile which was owned and driven by one Patrick J. Shea and was run into by a street car of the defendant. Writs dated October 25, 1923.

The actions were tried together in the Superior Court

before *Weed*, J.   It appeared that at the time of the accident Shea had no license to operate the automobile.   The plaintiff Lewis was the mother of Shea; the plaintiff Harter was his aunt.   Mrs. Lewis testified that she did not know that Shea did not have a license.   Mrs. Harter was not questioned on that subject.   Other material evidence is stated in the opinion.   At the close of the evidence, the judge denied motions by the defendant for verdicts in its favor.   There were verdicts for the plaintiffs: in the first action in the sum of $600 and in the second action in the sum of $2,900.   The defendant alleged exceptions.

*E. A. McLaughlin, Jr.*, for the defendant.

*S. L. Solomont*, for the plaintiffs.

PIERCE, J.   These are two of four actions of tort which were tried to a jury.   After a verdict for the plaintiff in each case, the cases come before this court on exceptions taken by the defendant to a refusal to grant its motion for a directed verdict, and to the refusal by the trial judge to give certain requested rulings.

All the material evidence bearing upon the issues is reported in the bill of exceptions.   In substance, it appears therefrom that the plaintiffs, Rebecca Harter and Mary Lewis, on July 7, 1923, were injured in a collision with a street car of the defendant while they were guests in an automobile owned and driven by one Patrick J. Shea.   There were four people in all riding in a Ford touring automobile.   Mary Lewis was on the front seat at the right of the driver and Rebecca Harter was on the back seat on the right hand side, with her daughter, Leverne E. Harter, at her left.   The automobile party was returning from Readville, and they were trailing an outbound car going to City Point on Dorchester Street near the corner of Fifth Street, when the automobile was struck by a car of the defendant, inward bound to Dudley Street.   The automobile was driven in the paved way at the right of the outbound street car, which stopped at Old Harbor Street while people were getting off.   The automobile was driven slowly, at the rate of about two miles an hour, until it was within eight or ten feet from the standing outbound car; then, wishing to make a turn into

Fifth Street, Shea put out his hand, sounded his horn, listened for a response, and looked in both directions — to the left to see if any one were behind, to the right to see if an electric car were coming. The reason he did not see the car with which he collided was that his view was obstructed by the standing car.

Shea knew and relied upon rule 96A of the rules of the defendant, which reads: "Passing standing cars. No street railway car shall pass at a rate of speed faster than a walk another car standing on a track on the same street to receive or deliver passengers"; as also upon rule "119" of the defendant which reads: "The gong must always be sounded when starting, just before reaching street intersections, at all points where vehicles or persons are approaching a crossing, whenever car is approaching a vehicle near the track, and at all other places where an accident might thereby be prevented. The gong must always be sounded when passing a standing or slowly moving car." In these circumstances Shea turned to the left, crossed the outbound track, had about reached the inbound track when he saw the electric car coming toward him a half second before the car struck the automobile on the left front of the radiator.

The evidence for the plaintiffs warranted a finding that they saw that Shea was about to make the turn to the left to cross over the inbound track; that they observed that he put out his hand, sounded his horn, leaned over the wheel and looked toward Broadway, the direction from which the colliding car came; and that they listened for "some alarm, — for a gong from the electric car coming, if there was one coming; that . . . [they] did not hear any." There was evidence to warrant a finding that each plaintiff listened "for a gong, or a horn of a car," heard nothing, and thought she was safe.

The evidence warranted a finding that the motorman of the colliding car was acting in violation of the rules of the defendant, in that he did not sound a gong in passing a standing car, passed that car at a speed faster than a walk, and did not apply the brakes sufficiently to bring the car under control inasmuch as the car did not stop until it reached Bowen Street, a distance of about sixty feet, the front of the

car being one hundred and ten feet from the point of impact. On the facts above stated, which reasonably might have been found by the jury, the judge could not have directed a verdict for the defendant on the ground that the motorman was not negligent. *Chadbourne* v. *Springfield Street Railway*, 199 Mass. 574, 577. *Fahy* v. *Director General of Railroads*, 235 Mass. 510.

Each plaintiff testified in substance that she trusted Shea but was looking out for herself; that she realized that an electric car might be coming; that there might be danger of an accident if Shea drove onto the track of the inbound car; that she watched and listened for herself, thought she was safe and did not do anything or speak to Shea because it was not a second between the time of the turning and the collision.

The case is distinguishable from *Pigeon* v. *Massachusetts Northeastern Street Railway*, 230 Mass. 392, upon which the defendant relies, in two particulars: (1) the plaintiff did rely on Shea, who could have been found by the jury to have justifiably relied on the motorman's obedience to the rules of the defendant; and (2) on the fact that the interval of time between the manifested purpose of Shea to drive across the inbound track at the moment and place he did was too short, less than a second, for the utterance of a protest against his contemplated action, or the doing of any other act or thing which would have restrained him or averted the collision. In the circumstances of this case the judge could not have ruled rightly that the conduct of these plaintiffs was not as matter of law that of reasonable and prudent persons; and consequently he was right in refusing to direct a verdict on the theory that the plaintiffs were guilty of contributory negligence. *Griffin* v. *Hustis*, 234 Mass. 95. The requests for specific rulings as such are not argued as they are necessarily involved in the discussion of the motions for directed verdicts. In each case the exceptions are overruled.

*So ordered.*