DORIS J. PENDLETON *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

FLORENCE E. PHILLIPS *vs.* SAME.

Suffolk.    December 7, 1928. — February 13, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence*, In use of way, Street railway, Of person in hired vehicle, Contributory, Invited person, Imputed. *Agency*, Existence of relation. *Evidence*, Competency, Relevancy and materiality, Presumptions and burden of proof. *Practice, Civil*, Requests, rulings and instructions, Exceptions.

Each of several persons contributed money and hired a sleigh from a stable for an excursion at night, the stable supplying the driver. The sleigh was equipped with a high driver's seat in front and two seats running lengthwise along the sides, and with lights and bells on the harness. During the excursion, the driver of the sleigh started to cross a way with two sets of street railway tracks in its center, at a point about two hundred fifty feet from a bridge to which the way rose on an incline. When the pole horses of the sleigh were on the first track and the leaders on the second, the driver saw a street car approaching on the first track from the bridge at his left, and he whipped up his horses and tried to get off the tracks, but the car struck the sleigh on the first track. The sleigh could be seen from the bridge, and it was a clear winter night with an abundance of light and without any obstruction to the view between the bridge and the point of collision. The car was moving at thirty-five miles per hour without a decrease in its speed previous to the collision, and thereafter went one hundred seventy feet before stopping. At the trial together of actions of tort against the street railway company for personal injuries received by two of the persons who had been sitting on the left hand seat of the sleigh, one of the plaintiffs testified that he felt safe but did not entirely rely on the driver; that he did not see the driver do anything unusual and observed from time to time that "he seemed to be going along very nicely"; and the other plaintiff testified that he "looked around occasionally." *Held*, that

(1) The question, whether the motorman of the street car was negligent, was for the jury;

(2) The plaintiffs were not guests of the driver of the sleigh, nor was he their agent, and his negligence, if any, could not be imputed to them;

(3) Findings were warranted that the plaintiffs exercised due care and that the driver of the sleigh was not negligent;

(4) Although testimony by the motorman on cross-examination, in answer to a question as to how long he had been operating street cars over the route where the collision occurred, was irrelevant and incompetent, its admission in the circumstances did not constitute error prejudicial to the defendant;

(5) Under G. L. c. 231, § 85, the plaintiffs were presumed to have exercised due care, but that presumption might be rebutted by all the evidence introduced in the actions; and the burden was on the defendant to show that they were guilty of contributory negligence.

It *was stated* that it was irregular practice if a party to an action, who filed forty-six requests for rulings, stated at the close of the charge to the jury: "So far as . . . [such] requests for rulings have not been given by the court . . . [the party] excepts," without directing the attention of the trial judge to any particular request which was refused.

No error is shown at the trial of an action in the refusal of requests for rulings which are fairly covered by a full and accurate charge to the jury, or which are not relevant to the evidence or relate to undecisive portions thereof.

TWO ACTIONS OF TORT for personal injuries. Writs dated respectively April 14, 1923 and June 8, 1923.

The actions were tried together in the Superior Court before *F. T. Hammond,* J. Material evidence is described in the opinion. At the close of the evidence the judge denied a motion by the defendant in each action that a verdict be ordered in its favor. The jury found for the plaintiff in each action, in the first in the sum of $3,500, and in the second, in the sum of $7,500. The defendant alleged exceptions.

*J. I. Krafsur,* for the defendant.

*E. H. Abbot,* for the plaintiffs.

CARROLL, J. On January 14, 1923, about fifty-five minutes past two o'clock in the morning, on the Fellsway, in Medford, there was a collision between a sleigh belonging to the Northampton Street Stables, Inc., in which the plaintiffs were riding, and a street car of the defendant. The plaintiffs were injured. At the trial their contention was that the defendant's motorman was negligent. They recovered verdicts.

The plaintiffs were members of a sleigh ride party consisting of twenty or thirty people, which departed from Boston about seven o'clock on the evening of January 13, went to the home of one Parnham, in Wakefield, reaching there about

nine o'clock and leaving at about twelve o'clock to return to Boston. There was evidence from which it appeared that the point of collision of the street car and the sleigh was on the travelled way, about two hundred fifty feet north of the highway bridge over the railroad tracks. The Fellsway for the most part consists of two roadways divided by a grassed space reserved for two car tracks; north of the bridge at the distance of about three hundred eighty feet from it, the two roadways merge into a single street wrought for travel with car tracks in the center; this street rises at a five per cent grade to the bridge and descends on a similar grade to the reservation on the other side of the bridge. As the sleigh was going toward Boston, after passing the reservation, the driver started to cross the street railway tracks to the right side of the Fellsway, when the defendant's outbound street car, descending the grade, hit the sleigh, causing the injuries to the plaintiffs.

There was evidence that as the sleigh crossed the tracks it could have been seen from the bridge two hundred fifty feet distant; that the car did not stop until about one hundred seventy feet from the point of collision; that it was moving at the rate of thirty-five miles an hour; that the night "was a very crisp, clear winter night with abundance of light"; and that there was no obstruction to the view between the bridge and the point of collision.

The driver of the sleigh testified that when he first saw the car his pole horses were on the outbound track and his leaders on the inbound track; that he whipped up his horses and tried as best he could to get the sleigh off the tracks; that the car came on without any decrease of speed. There was evidence that there were bells on the harness and the sleigh was equipped with lights.

The sleigh was hired from the stables company for $35, the company supplying the driver, and each person in the party paying an equal share. There was a high driver's seat in front and two seats running lengthwise along the sides. Both plaintiffs sat on the left hand side of the sleigh. Miss Pendleton testified that she felt safe while the driver was

driving the sleigh but did not entirely rely on him; and she did not see him do anything unusual and observed from time to time that "he seemed to be going along very nicely." Miss Phillips testified that she remembered nothing after two o'clock; that "she looked around occasionally going out and coming back."

The negligence of the motorman and the plaintiffs' care were questions for the jury to decide. The rate of speed of the street car, the opportunity to see the sleigh, and the failure to prevent the collision, were questions of fact. The jury could have found that with due care on the part of the motorman, he could have avoided the collision. *Bombard* v. *Worcester Consolidated Street Railway*, 234 Mass. 1, 4. *Wright* v. *Concord, Maynard & Hudson Street Railway*, 235 Mass. 456, 459.

The plaintiffs' due care was for the jury to decide. They were not the guests of the owner or driver of the sleigh. The rule applicable to a guest who trusts entirely to the driver of the vehicle in which the guest is riding and fails to exercise any care for his own safety has no application here. *Shultz* v. *Old Colony Street Railway*, 193 Mass. 309, 323. *Lambert* v. *Eastern Massachusetts Street Railway*, 240 Mass. 495, 497. *Oppenheim* v. *Barkin*, 262 Mass. 281. Even in the case of a guest, the negligence of the driver of the vehicle in which the guest is riding is not to be imputed to him if he uses proper care for his own safety. *Shultz* v. *Old Colony Street Railway, supra. Ingalls* v. *Lexington & Boston Street Railway*, 205 Mass. 73. *Fahy* v. *Director General of Railroads*, 235 Mass. 510, 514. The relation between the plaintiffs and the driver of the sleigh was not that of master and servant. They, with others, hired the sleigh from the Northampton Street Stables, Inc., which corporation furnished the conveyance and the driver. In driving the horses and carrying the party the driver was not the servant of the plaintiffs, whose orders he was bound to obey. *Randolph* v. *O'Riordon*, 155 Mass. 331, 336. *Griffin* v. *Hustis*, 234 Mass. 95, 99. *Dumas* v. *Ward*, 251 Mass. 497, 502. The plaintiffs, while riding in this vehicle driven by one

who was not their agent or servant, did not fail in the exercise of proper care by leaving its management to the driver to the same extent as a person of average prudence would have done. *Stemler* v. *Cady*, 246 Mass. 384, 386. *Donoghue* v. *Holyoke Street Railway*, 246 Mass. 485, 492. The danger to the plaintiffs came upon them suddenly and without warning. Seated as they were, along the side of the sleigh, they were not negligent in failing to observe the danger and they had no opportunity to prevent the collision. *Bullard* v. *Boston Elevated Railway*, 226 Mass. 262. *Harter* v. *Boston Elevated Railway*, 259 Mass. 433, 436. Furthermore, there was evidence that Miss Pendleton did not rely entirely on the driver, and some slight evidence that Miss Phillips was attentive to her own safety. In addition to this, the jury could have found that the driver was acting in a careful manner, and that no negligence on his part contributed to the accident. He was already upon the tracks and in the act of crossing them when he saw the approaching car; he urged his horses on; and the jury could find that he did everything possible to avoid the collision.

The motorman was asked, on cross-examination, "How long had you been operating a one-man car over this route where the collision occurred?" He answered, since November, 1922. The defendant excepted to the admission of this testimony. The evidence should not have been admitted. The negligence of the motorman was to be determined by his acts at the time in question. His experience or want of it was not material to this issue. The defendant was responsible for his lack of care if he failed to act as a careful man under the circumstances. The length of time he had been employed on one-man cars on this route had no bearing on the questions involved. The length of time he had been employed did not excuse the defendant for his negligence, nor was the fact competent to show its negligence. *Lang* v. *Boston Elevated Railway*, 211 Mass. 492. *Reardon* v. *Boston Elevated Railway*, 247 Mass. 124, 127. Nor was this evidence admissible to show the motorman's want of familiarity with the location. We do not think however that the substantial

rights of the defendant were injuriously affected by this testimony. G. L. c. 231, § 132. There was evidence of the motorman's negligence: it was shown that he had been operating one-man cars over this route since November, 1922, and he testified, apparently without exception, that he had been on this route "off and on; the day and the night," some of the time in the afternoons, sometimes in the early evening, and sometimes all night. His testimony was to the effect that he had been familiar with the location since 1911, and had observed it while riding in vehicles and working on street cars.

No exception was taken to the judge's charge. The defendant filed forty-six requests for instructions. At the close of the charge the defendant's counsel said: "So far as the defendant's requests for rulings have not been given by the court the defendant excepts." The attention of the presiding judge was not directed to the particular request which was refused. This course was irregular; it did not, as was said in *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 382, "give the court or the opposing counsel quite a fair chance in view of the great number . . . of the requests." See *McKee* v. *Tourtellotte*, 167 Mass. 69; *Fairman* v. *Boston & Albany Railroad*, 169 Mass. 170, 174; *Jones* v. *Newton Street Railway*, 186 Mass. 113. The charge was complete and accurate. All the various aspects of the case were referred to. There was no error in the denial of these requests because they were fairly covered in the charge or were not relevant or related to undecisive particulars of evidence.

The jury were instructed that the burden was upon the defendant to show that the plaintiffs were not in the exercise of due care; that according to the statute they were presumed to be in the use of proper care but that the presumption may be controlled by the evidence. There was no error in this. The statute gives the plaintiff the benefit of the presumption of care, but this presumption no longer exists when all the evidence is in: to show a lack of care by the plaintiffs, the burden of proof was on the defendant. G. L. c. 231, § 85. *Bullard* v. *Boston Elevated Railway*, 226 Mass.

*supra,* page 265.   As has been said it could have been found that each of the plaintiffs was exercising care for her safety and that the driver of the sleigh was not negligent.

We find no prejudicial error in the admission or exclusion of evidence.

In each case let the entry be

*Exceptions overruled.*