WILLIAM O'CONNELL *vs.* JOHN B. McKEOWN.

Worcester.   February 5, 1930. — February 25, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Negligence*, Contributory, Invited person, Motor vehicle.

At the trial of an action of tort for personal injuries sustained while the plaintiff was riding as a guest in an automobile operated by the defendant, there was evidence that the defendant had been drinking liquor before the parties' journey in the automobile began, but that at the time it began the plaintiff saw no signs of liquor on him and noticed nothing wrong with his condition; that, when they had gone several miles, the plaintiff, who was riding on the front seat with the defendant, noticed that they were travelling downhill at fifty to fifty-five miles per hour, with the automobile swinging from side to side; that, upon his drawing the defendant's attention to the course and speed of the car, the defendant laughed and drove the automobile faster, until it left the road and injuries to the plaintiff resulted; and that, if the plaintiff had consumed liquor, he was not under its in-

fluence. *Held,* that it could not properly have been ruled as a matter of law that the plaintiff was guilty of contributory negligence either in entrusting himself to the defendant's care at the beginning of the journey or in his subsequent conduct up to the time of the accident.

TORT. Writ dated October 6, 1927.

Material evidence at the trial in the Superior Court before *P. J. O'Connell,* J., is stated in the opinion. The judge denied a motion by the defendant that a verdict be ordered in his favor. The jury found for the plaintiff in the sum of $1,050. The defendant alleged an exception.

*J. J. Mulcahy,* for the defendant.

*C. W. Proctor,* for the plaintiff.

PIERCE, J. This is an action of tort for personal injuries sustained by the plaintiff on August 7, 1927, while riding in an automobile as an invited guest of the defendant, who was operating the automobile. At the close of the evidence the defendant filed a motion "that the court direct the jury to return a verdict for the defendant by order of the court." The motion was denied, the jury returned a verdict for the plaintiff, and the case is before this court on the defendant's exceptions to the denial of his motion. All the evidence material to the issue is contained in the bill of exceptions. At the hearing before this court and in his brief the defendant "admitted that the jury could have found that the defendant was guilty of gross negligence," citing *Learned* v. *Hawthorne,* 269 Mass. 554, and *McCarron* v. *Bolduc, ante,* 39. "The defendant rests his entire case on the proposition that as matter of law the plaintiff was not in the exercise of due care."

The evidence most favorable to the plaintiff tended to prove that the defendant had been drinking "moonshine" the night before and the morning before he hired the automobile from one Grogan; that he did not have a bottle with him nor get any liquor on the trip that he could remember; and that the plaintiff was not drinking that the defendant knew of when the defendant was driving. Grogan testified, in substance, that when the defendant hired the car at about 8.30 A.M. on August 7, 1927, he saw no signs of liquor on him, and so far as he could tell from McKeown's

actions he was perfectly sober. The plaintiff testified, in substance, that he "noticed nothing wrong with McKeown's condition" and that he operated the car all right at a speed of about twenty-five miles an hour along Grove Street through West Boylston until "about a mile before the accident"; that on Grove Street, which is on the outskirts of Worcester, they met and talked with police officer O'Leary for about ten minutes, and before then with police officer Crimmins for about fifteen minutes, and that if McKeown had been drinking to any extent O'Leary would have arrested him. These facts, if believed, warranted a finding that the plaintiff was not guilty of negligence in entrusting his safety to the care of McKeown at the time they started out on their trip.

The plaintiff testified, in substance, that about a mile before the accident, which is conceded to have been at about 11 A.M., at the corner of the Shirley Road and the State Road in Lancaster, Massachusetts, a distance of about seventeen or eighteen miles from Worcester, he "noticed that McKeown was swinging the car from one side of the street to the other"; that they were travelling down grade "at fifty to fifty-five miles an hour"; that he "drew McKeown's attention to it, but he seemed to go faster and kind of laughed" at him; that he did not slow up but "kept on going faster"; that the automobile was "swaying from one side, swayed into the gutter, and then he lost control. When they arrived at the corner of the State Road, McKeown put on the brakes . . . he could not stop it and swayed into the State Road and hit a maple tree and then glanced off the maple tree and hit a telegraph pole" with the result that the automobile was badly smashed and the right side was completely smashed.

The plaintiff further testified that they left Worcester with the intention of going to Clinton through West Boylston; that they did not eventually go to Clinton but went through Lancaster and some country towns with which he was not well acquainted. There was evidence that there was a "booze joint" on the way from Worcester to the place of the accident, but there was no evidence that the

automobile stopped there or that either plaintiff or defendant entered that place before or after the accident. There was evidence that the defendant was drunk immediately after the accident, but no evidence that the plaintiff knew of the defendant's condition before the accident. There was further evidence that the defendant while being taken to the hospital with the plaintiff "talked plain enough although he did not do much talking"; that "His talk was not thick" and it "was natural enough."

Contributory negligence in all actions for injuries to person or property is an affirmative defence with the burden resting on the defendant, G. L. c. 231, § 85, and with rare exceptions presents an issue of fact for the jury. *Duggan* v. *Bay State Street Railway*, 230 Mass. 370. *Mercier* v. *Union Street Railway*, 230 Mass. 397. *Powers* v. *Loring*, 231 Mass. 458. *Sullivan* v. *Chadwick*, 236 Mass. 130, 137. Assuming the defendant was to a degree under the influence of liquor, and that fact was perceivable when the jaunt began, or if not then apparent became so thereafter, it could not have been ruled on the evidence that the plaintiff was negligent in accepting the invitation to ride. with him or in continuing to ride with him after he knew of his intoxicated condition. *Fitzpatrick* v. *Cinitis*, 107 Conn. 91. *Powell* v. *Berry*, 143 Ga. 59. *Richards* v. *Neault*, 126 Maine, 17. The evidence would not warrant the jury in finding, as the defendant contends, that the plaintiff and defendant went to the "booze joint" and there remained for at least an hour drinking intoxicating liquor. If there was evidence that the plaintiff had consumed liquor, there was also evidence which would warrant a finding that he was not under the influence of liquor, whatever might have been the condition of the defendant, at the time of the accident.

If the fact be that after the ride began the plaintiff knew the defendant was under the influence of intoxicating liquor, it was incumbent on the defendant to prove that the plaintiff could have then left the automobile without peril to his life or limb, and failing so to do the defendant should not be permitted to shift the consequences of his

own folly to the shoulders of the plaintiff. In the case before us the defendant's condition could have been found not to have been readily observable when the ride began, and it could have been found that when his condition was observed, the plaintiff directed the defendant's attention to the fact that the car was being driven at the rate of fifty or fifty-five miles an hour, and that he was met with a laugh and a faster driving of the car. To the question, what else could the plaintiff have done affirmatively, the defendant replies: (1) he was riding on the front seat and he could have turned off the switch; and (2) he could have reached for the emergency brake and pulled on the emergency brake during the mile the automobile travelled before it collided with the telegraph pole. Without further amplification we are of opinion the issue presented by the defendant called for a decision of fact and not a ruling of law. *Chadbourne* v. *Springfield Street Railway*, 199 Mass. 574. *Pitman & Brown Co.* v. *Eastern Massachusetts Street Railway*, 255 Mass. 292. *Harter* v. *Boston Elevated Railway*, 259 Mass. 433. *Krause* v. *Hall*, 195 Wis. 565.

*Exceptions overruled.*