Rose Button *vs.* Joseph M. Crowley.

Agnes E. Quigley *vs.* Same.

Worcester.    September 26, 1933. — October 25, 1933.

Present: Crosby, Pierce, Field, & Donahue, JJ.

*Law of the Case. Negligence*, Contributory.    *Practice, Civil*, Charge to jury, Entry of verdict under leave reserved.

Instructions to the jury to which no exception is taken become the law of the case binding on both parties.

At the trial of an action, by one riding in an automobile as a passenger for hire, for personal injuries sustained as a result of negligence of the defendant in operating the automobile, the trial judge, without exception by either party, instructed the jury that if the plaintiff was "actually . . . asleep [at the time of the accident causing the injuries] and had given up all care and consideration for . . . [his] own safety, trusting . . . [himself] entirely to the conduct and care of . . . [the defendant] and had resigned . . . [himself] to the way and manner in which . . . [the defendant] managed the car," "that would be contributory negligence" as a matter of law and would bar recovery; and that the plaintiff was bound to exercise such care as the ordinarily careful and prudent person would exercise in similar circumstances.    The jury, in answer to a special question, found that the plaintiff had been asleep at the time of the accident.    The other evidence as to the circumstances surrounding the accident did not require a ruling as a matter of law that the plaintiff had been guilty of contributory negligence.    A verdict for the plaintiff was recorded subject to leave reserved.    Thereafter the judge ordered entered a verdict for the defendant.    *Held*, that

(1) No exception having been taken to such instructions, they became the law of the case;

(2) Such instructions did not amount to a ruling that the mere fact that the plaintiff was asleep at the time of the accident made him guilty of contributory negligence as a matter of law;

(3) In the circumstances, the trial judge properly submitted to the jury on all the evidence the issue, whether the plaintiff had been guilty of contributory negligence;

(4) The verdict for the plaintiff imported a finding that he was not guilty of contributory negligence;

(5) It was error to order entered the verdict for the defendant; and judgment must be entered on the verdict as returned by the jury.

At the trial together of actions against the operator of an automobile for personal injuries sustained by two persons riding therein when it struck

another motor vehicle, there was evidence that the defendant had been driving very fast much of the time before the accident; that both plaintiffs warned him not to drive so fast; that the defendant was "kind of dozy" after a long journey; that both plaintiffs expressed the opinion that he ought to stop and rest rather than drive so fast; that one of the plaintiffs was asleep at the time of the accident; that just before the accident the attention of the other plaintiff had been diverted for a minute, while he looked at flowers by the side of the road, from watching the road and defendant's conduct; and that the accident was a result of the defendant's "dozing off." Without exception, the trial judge instructed the jury that either plaintiff would be guilty of contributory negligence if he were asleep at the time of the accident and had given up all care for his own safety, trusting himself entirely to the conduct and care of the defendant. *Held*, that

(1) It could not properly have been ruled as a matter of law that either plaintiff was guilty of contributory negligence in not anticipating that the defendant would be likely to go to sleep;

(2) The question of the contributory negligence of both plaintiffs was for the jury.

Two ACTIONS OF TORT. Writs dated, respectively, August 21, 1931, and March 17, 1932.

The actions were tried together in the Superior Court before *T. J. Hammond*, J. Material evidence, special questions to the jury and the answers thereto, and material portions of the judge's charge are described in the opinion. The judge denied a motion by the defendant in each action that a verdict be ordered in his favor. Subject to leave reserved in the first action, a verdict for the plaintiff in the sum of $3,528 was recorded. Thereafter the judge ordered entered therein a verdict for the defendant; and the plaintiff alleged an exception. In the second action, there was a verdict for the plaintiff in the sum of $2,500; and the defendant alleged an exception.

*C. W. Proctor*, for the defendant.

*J. E. Casey*, for the plaintiff Button.

*C. E. Tupper*, for the plaintiff Quigley.

PIERCE, J. "This is a joint bill of exceptions of Rose Button, the plaintiff in case number 47669 and Joseph M. Crowley, the defendant in case number 49559, — consolidated by agreement of all parties in interest." The actions are of tort, brought by the respective plaintiffs against the same defendant, and arise out of an automobile accident

that occurred on July 7, 1931, in the town of Charlemont, Massachusetts, when an automobile, owned and operated by the defendant, in which both plaintiffs were riding, collided on a public way with another automobile and both plaintiffs sustained personal injuries. The actions were tried to a jury in the Superior Court. At the close of the evidence the defendant presented motions in writing for a directed verdict in each action which were denied and the defendant duly excepted. The actions were then submitted to the jury with special questions propounded by the judge. The jury answered the questions and returned a verdict for the plaintiff Rose Button and for the plaintiff Agnes E. Quigley. Before entry of the verdict in the Button case, the judge reserved leave with the assent of the jury to enter a verdict for the defendant if upon the exceptions taken, or the question of law reserved, the trial court or the Supreme Judicial Court should decide that such a verdict for the defendant should have been entered. The defendant then presented a motion in writing for a verdict for the defendant in accordance with leave reserved, which was allowed. To the allowance of the motion the plaintiff Rose Button duly excepted. The judge did not disturb the verdict in the action of Agnes E. Quigley.

The evidence in its aspect most favorable to the plaintiffs warranted the jury in finding the following facts: On the day previous to the accident Agnes E. Quigley, sister of the plaintiff Rose Button, hired the defendant to take her, Rose Button, and her son and his friend, in the defendant's automobile to Fort Ethan Allen, Vermont, a distance of about two hundred fifty miles from Worcester, Massachusetts, and return. The above described persons left Worcester in an automobile owned and operated by the defendant at about 8:15 P.M. July 6, 1931, and arrived at the fort at about 5:15 A.M. July 7, 1931. At Fort Ethan Allen they left the boy and his friend and then, without considerable delay, the plaintiffs and the defendant started on their return toward Worcester by way of North Adams and down the Mohawk Trail until they arrived at the scene of the accident in said Charlemont. On the return journey the automobile was driven only by the

defendant; the plaintiff Button rode on the rear seat and the plaintiff Quigley on the front seat to the right of the driver. As the automobile at about 11:30 A.M. July 7, 1931, approached the scene of the accident, on the main highway in East Charlemont, coming east at the rate of fifty to sixty miles an hour, it made a gradual turn over the center of the highway from a point at a bridge near a bend in the road about eighty feet from the point of collision, and bore over the imaginary white center line of the roadway to the left and struck the oncoming automobile as it was being turned to its right in an effort of the driver to avoid a collision with the defendant's automobile. On the plaintiffs' testimony the jury would have been warranted in finding that on the return trip from Fort Ethan Allen the defendant drove much of the way at the rate of fifty or sixty miles an hour, and that the plaintiffs told him not to drive so fast, that they were afraid they would meet with an accident; that Mrs. Button said: "It's better to take your time than to drive so fast. It's better for you to drive up side of the road and take a rest"; that only a few minutes before the accident Mrs. Quigley told the defendant not to drive so fast and to drive up and rest along the road and the defendant said he could not because he was in a hurry to get home; that the defendant was "kind of dozy" and that Mrs. Quigley thought he needed a rest and that it would be better that he should rest than to drive so fast and have an accident. The jury would have been warranted in finding that immediately preceding the accident Mrs. Quigley's attention was diverted from the road and from watching the defendant to see that he did not sleep, as the defendant contends, but they could also find that her attention in these respects was diverted for a minute only while she looked at flowers by the side of the road; that the accident was due to the fact, as the defendant testified, that he must have "dozed off."

At the close of the evidence the jury answered the special questions submitted to them by the judge as follows: (1) "Was the machine being operated for hire? Answer; Yes"; (2) "Were Mrs. Quigley and Mrs. Button guests of the defendant? Answer; No"; (3) "Was Crowley negligent?

Answer; Yes"; (4) "Was his conduct such as to amount to gross negligence? Answer; Yes"; (5) "Was Mrs. Quigley asleep at time of accident? Answer; No"; and (6) "Was Mrs. Button asleep at time of accident? Answer; Yes." As the jury found for the plaintiff in each case the only question open to the defendant, and the only question argued by him, is, Was the plaintiff in either action guilty of contributory negligence as matter of law? On this issue the judge without exception of the plaintiffs or the defendant charged the jury as follows: "Now if these people were guests, that is, if you find that there was no contract of hire, that they were there as guests, if the plaintiffs or either of them were asleep at the time of the accident, there is evidence of contributory negligence to be considered by you, and if they were guilty of contributory negligence, then as a matter of law they cannot recover. . . . If you find that one or both of them actually were asleep and had given up all care and consideration for their own safety, trusting themselves entirely to the conduct and care of the driver of that automobile and had resigned themselves to the way and manner in which he managed the car, I instruct you as a matter of law that would be contributory negligence. . . . Assuming that both of them were guilty of that conduct or either one of them was in that condition she would be barred as a matter of law from recovery. Now so far as the plaintiff is concerned, the plaintiff goes into an automobile with some one else. He cannot absolutely ignore any threatening situation. It's the duty of every person who gets into a car to keep a careful lookout for their own safety and to warn the defendant of approaching danger if they know it. That is, they have got to act as the ordinarily careful and prudent person would under similar circumstances. Of course, it does not mean that there should be back seat driving, but if something out of the ordinary occurs, a person should warn the driver and they should be always alert. It does not mean they have got to be on the watch for fear some one will violate the statutes in reference to driving on the highway; no one is bound to anticipate that the next person coming along will violate the statutory provisions. But they have got to use

the same conduct and the same care that you would expect of an ordinarily careful and prudent individual." This portion of the charge was not excepted to and bound equally the plaintiffs and the defendant, as the law of the case. *Phillips* v. *Director General of Railroads,* 251 Mass. 263, 268. *S. E. Rand Transportation Co.* v. *Boston & Maine Railroad,* 273 Mass. 327, 331–332. It is to be noted that the judge did not charge the jury that the plaintiff was guilty of contributory negligence if she fell asleep, as the defendant contends, but charged them that, if "one or both of them actually were asleep and had given up all care and consideration for their own safety, trusting themselves entirely to the conduct and care of the driver of that automobile and had resigned themselves to the way and manner in which he managed the car, . . . as a matter of law that would be contributory negligence." This is far from ruling that if the plaintiffs were asleep at the time of the accident that fact was contributory negligence as matter of law regardless of the question whether the plaintiffs were voluntarily or involuntarily asleep for the moment which preceded the accident, or had intentionally surrendered themselves to the conduct and care of the driver. In the circumstances here disclosed the judge left the issue of the plaintiffs' contributory negligence rightly to the jury, and it could not have been ruled as matter of law that either plaintiff as an ordinarily careful and prudent person should have foreseen that the driver would be likely to doze off into sleep and for the moment leave the automobile without his guidance. *Gallup* v. *Lazott,* 271 Mass. 406. *Rea* v. *Checker Taxi Co.* 272 Mass. 510. *O'Connell* v. *McKeown,* 270 Mass. 432. *Pendleton* v. *Boston Elevated Railway,* 266 Mass. 214. The finding of the jury for the plaintiffs imports that the plaintiffs' conduct was that of careful and prudent persons in similar circumstances.

It is unnecessary to consider whether the fact that the plaintiffs were passengers for hire as distinguished from guest passengers would lessen their duty to perceive the defendant's condition and adopt means to overcome it.

It follows that in the case of Rose Button *v.* Joseph M. Crowley the exceptions of the plaintiff must be sustained and

judgment be entered on the verdict; and that in the case of Agnes E. Quigley *vs.* Joseph M. Crowley the exceptions of the defendant must be overruled.

*So ordered.*