ROBERT BUCKLEY *vs.* ARTHUR J. HICKEY FAMILY LAUNDRY COMPANY.

Suffolk.  November 8, 1927.— November 22, 1927.

Present: BRALEY, CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence*, Of person in charge of child, Of child, Contributory, In use of steam, Of trespasser toward trespasser.  *Trespass.*

At the trial of an action of tort against a corporation for personal injuries received by a boy five years of age, there was evidence that while the boy at the direction of his mother, who was caring for a sick child, was on his way to his grandmother's house, he, without permission of the owner, crossed a vacant lot adjoining land of the defendant and owned by a third person, which his mother, knowing of steam being projected intermittently over the lot from a pipe in the defendant's building, had told him was dangerous, and he was struck by such steam.  There was no evidence warranting a finding that the defendant had been given permission by the owner of the lot so to project steam.  To the knowledge of the defendant the lot was used by children for a playground, sometimes in the immediate·vicinity of the pipe.  The judge denied a motion that a verdict be ordered for the defendant.  *Held*, that

(1) The questions, whether the mother was negligent in allowing the boy to go unattended to his grandmother's and, if not, whether the boy exercised the care for his own safety that should be exercised by a child of his age, were for the jury;

(2) A ruling by the trial judge, that the defendant in projecting the steam on the lot was a trespasser, was right;

(3) The defendant, itself a trespasser, might be found liable upon proof of negligence without wilful or wanton misconduct, although the plaintiff also was a trespasser;

(4) The question, whether the defendant was negligent, was for the jury.

TORT for personal injuries. Writ dated March 3, 1924.

In the Superior Court, the action was tried before *Flynn*, J. Material evidence is stated in the opinion. There was a verdict for the plaintiff in the sum of $2,200. The defendant alleged exceptions.

*M. C. Kelleher*, for the defendant.

*J. C. Cronin*, for the plaintiff.

SANDERSON, J. In this action of tort the jury returned a verdict for the plaintiff after denial of the defendant's motion for a directed verdict.

The jury were warranted in finding the following facts: On October 31, 1923, the plaintiff, a boy a few days over five years of age, while playing in a vacant lot, was injured by steam issuing from a pipe, located about two feet, ten inches from the ground, which projected about ten or twelve inches from the side of a laundry building owned and operated by the defendant. This lot was used by the children of the neighborhood as a playground. On the morning of the accident the plaintiff, who lived with his parents on land adjoining the vacant lot, had been instructed by his mother to go to his grandmother's house, about three blocks away, to be cared for by her. In going there the plaintiff would pass the vacant lot. It appeared that the boy had been sent to his grandmother's for the same purpose from time to time before, and that on the morning of the accident his mother was caring for a sick baby. She knew that children played on the lot and that steam came from the pipe at times, and she had told the plaintiff that the lot was dangerous. The only witness who testified to seeing the accident stated that shortly after nine o'clock in the morning she saw the plaintiff about half way across the empty lot; that later she saw the steam hit him, at which time he was alone and about six feet from the building with his back toward the steam pipe; that when the steam struck him he screamed and ran home. There was evidence that the pipe was straight, and located about twenty feet from the street line, and that it emitted steam intermittently which sometimes was projected into the open area fifteen feet or more. The street line of the lot was about one hundred feet in length

with no fence; there was a broken fence between the lot and the plaintiff's house. Witnesses called in behalf of the defendant testified that the nozzle of the pipe pointed toward the ground, and whatever water or steam came out would go toward the ground and not toward the vacant lot. A police officer testified that the owner and the neighbors complained of the children playing on the lot and whenever he saw them there he made them leave. The treasurer of the defendant testified that the pipe took care of the exhaust from a radiator, with which it was connected, and that it was used only in cold weather; that he had observed children playing in the lot near the pipe and had seen them catching the drip from the pipe in cans, and that he always drove them away.

Whether the mother was negligent in allowing the child to go unattended to his grandmother's and, if not, whether the child exercised the care for his own safety that should be exercised by a child of his age, was for the jury to decide. *Lynch* v. *Smith*, 104 Mass. 52. *McNeil* v. *Boston Ice Co.* 173 Mass. 570. *Sullivan* v. *Boston Elevated Railway*, 192 Mass. 37. *Ayers* v. *Ratshesky*, 213 Mass. 589. *Travers* v. *Boston Elevated Railway*, 217 Mass. 188.

The laundry building was within a foot of the side line of the vacant lot, whose owner lived in the neighborhood but was not called as a witness. There was no evidence to support the defendant's contention that the jury could have found that it had permission to project steam over the vacant lot; and the ruling of the trial judge that the defendant in doing this was a trespasser was right.

There was no evidence of wanton or wilful misconduct on the part of the defendant, but its liability does not depend upon proof of such misconduct. The defendant's duty toward children trespassing on its own property is very different from its duty to children on land of another in which neither party has rights.

The judge instructed the jury that if the plaintiff went upon the defendant's land and while there received his injury he could not recover. Subject to the defendant's exception, the jury were further instructed, in substance, that if the

plaintiff was in the vacant lot it was the defendant's duty to use reasonable care in exhausting steam or water upon the land; that the defendant was charged with what the jury would find to be the knowledge of a reasonable man, the ordinary man, in view of its treasurer's statement as to what he knew the vacant land was being used for; that it was for the jury to say whether or not under the circumstances the defendant was negligent in projecting steam or permitting it to be projected from its pipe upon that land.

The question of the defendant's negligence was properly submitted to the jury; it was for them to decide whether the defendant, in view of the knowledge it had that the lot was used by children as a playground, sometimes in the immediate vicinity of the pipe, reasonably should have foreseen and guarded against injuries from steam to children who might be on the lot.  See *Burns's Case*, 218 Mass. 8, 11; *Altman* v. *Aronson*, 231 Mass. 588, 591.

*Exceptions overruled.*