James E. Joyce, administrator, *vs.* Nathan Wolf & another.

Suffolk.    March 30, 1928. — May 28, 1928.

Present: Rugg, C.J., Braley, Crosby, Pierce, & Wait, JJ.

*Negligence*, In use of highway, Contributory, Of child, Of person in charge
of child.    *Practice, Civil*, Requests, rulings and instructions.

At the trial of an action by an administrator against the owner of a motor
truck for causing conscious suffering and the death of the plaintiff's
intestate, a boy about four and one half years of age, there was evidence
that the boy, in the custody of his uncle, started to cross a public way
thirty-four feet wide; that they saw the defendant's truck one hundred
seventy-five feet distant proceeding in the center of the street at a speed
of twenty-five to thirty-five miles an hour; that they continued slowly
crossing the street, the boy a little in advance of his uncle, and that,
when they had gone but three or four steps from the sidewalk, the truck
suddenly swerved in their direction, and the boy was run over.    There
were no other vehicles in the street.    It was agreed that there was evi-
dence of negligence of the defendant.    *Held,* that the questions, whether
the negligence of the boy or, if the boy was incapable of exercising care
for his own safety, of his custodian, contributed to cause the injury and
death, were for the jury.

Tort for causing conscious suffering and the death of the
plaintiff's intestate, James E. Joyce, Jr., who, when about
four and one half years of age, was run over by a truck owned
by the defendants and driven by their employee.    Writ
dated July 21, 1925.

The action was tried in the Superior Court before *Mac-
leod*, J.    Material evidence is stated in the opinion.    The
defendants moved that a verdict be ordered in their favor,
and also requested rulings which raised the questions of due
care of the plaintiff's intestate and of his uncle, his custodian.
The motion was denied and the requests were refused.
There were verdicts for the plaintiff in the sum of $5,660.83
for causing death and of $2,500 for conscious suffering.    The
defendants alleged exceptions.

The case was submitted on briefs.

*W. P. Higgins,* for the defendants.

*F. W. Mansfield & E. R. Mansfield,* for the plaintiff.

BRALEY, J.   This is an action of tort to recover damages
for the conscious suffering and death of the plaintiff's intes-
tate, James E. Joyce, Jr., caused by his having been struck
by an automobile of the defendants July 14, 1925, while he
was on Condor Street in the city of Boston.   The jury re-
turned a verdict for the plaintiff on each count, and the case
is here on the defendants' exceptions to the denial by the
trial judge of their motion for a directed verdict and the
denial of their requests for rulings.   It was agreed that there
was evidence of the defendants' negligence.   There also was
evidence that the intestate, a boy nearly four and one half
years of age, left his home accompanied by his uncle, Thomas
B. Joyce, at about half past six o'clock in the afternoon of
July 14, 1925, to go to the beach near Condor Street.   They
walked on the unpaved sidewalk of the right hand side of
Condor Street, a straight public way thirty-four feet in width
from curb to curb, toward Glendon Street, which intersected
Condor Street.   When about half way between Glendon
Street and Putnam Street, which also crossed Condor Street,
they stopped while the uncle talked with a friend.   The
intestate stood at the side of his uncle, and at the close of
the conversation they started to cross Condor Street to the
beach on the opposite side.   The uncle upon starting looked
in each direction, and saw a truck in the center of the street
about one hundred and seventy-five feet distant running at a
speed from twenty-five to thirty miles an hour.   The intes-
tate also saw the truck and said, "There is a truck coming.
Wait."   There were no other vehicles in the street, and they
started going slowly with ample space in front for the truck
moving in the center of the street to pass without any danger
of coming in contact with it.   But they were only two feet
or three or four steps from the sidewalk, with the intestate
walking just a little in front of his uncle, when the truck,
then about four or five feet distant, changed its course,
swerved to the right, and struck the intestate, throwing him
three or four feet and passing over his body.   The street was
thirty-four feet wide.   The truck had been travelling in the
center of the street.   The intestate was only three or four
steps from the sidewalk when injured.

It could be found that, if the truck, driven at high speed through a street clear of vehicular traffic, had not suddenly and without the driver giving any signal as he approached, been voluntarily deflected in its course, the intestate, a traveller lawfully in the street, would not have been run down. The intestate's uncle testified that after he left the sidewalk there was a noise of the scraping of wheels in the street and he turned and looked again, and the truck was over on his side instead of being in the middle of the street. He reached for the intestate and hollered, but could not save him. The question of the intestate's due care, determined by the standard of a boy of his years, as well as the question of the due care of his custodian, if the intestate was incapable of exercising any degree of care for himself, were for the jury. The motion was denied rightly. *McDermott* v. *Boston Elevated Railway,* 184 Mass. 126. *Hennessey* v. *Taylor,* 189 Mass. 583. *Dowd* v. *Tighe,* 209 Mass. 464. *Kaminski* v. *Fournier,* 235 Mass. 51. *Buckley* v. *Arthur J. Hickey Family Laundry Co.* 261 Mass. 348.

It could not be ruled as matter of law that the intestate was careless and the defendants' sixteenth and seventeenth requests which asked for such instructions, could not be given as framed. The twenty-first request assumes that the intestate was in the custody of his uncle who as matter of law was careless. But this request in substance asked for an instruction as to part of the evidence on a single fact in issue, and it properly could be refused. *Neff* v. *Wellesley,* 148 Mass. 487, 495.

The record states that the case was submitted to the jury under instructions to which no exceptions were taken, and we assume that the law governing the issues was correctly given. The exceptions to the refusal to give the remaining requests not having been argued are treated as waived.

*Exceptions overruled.*