EDWARD WIDRONAK *vs.* JAMES H. LORD.

JAMES H. LORD *vs.* ALEXANDER HERMAN.

Middlesex, Norfolk.   November 13, 1929. — November 26, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence*, Motor vehicle; In use of way: "one way" street.   *Way*, Public: "one way" street; trespasser on way.   *Motor Vehicle*, Operation.   *Trespass.*

An ordinance of a city providing, "vehicles shall pass only in one direction" on a designated part of a certain street, was *held* to be valid.

One driving a motor vehicle in 1925 on a street in a direction prohibited by such an ordinance, and also a passenger in such motor vehicle, were trespassers on the highway and the passenger could not recover in an action of tort against the driver of a second vehicle for damages resulting from a collision with the second vehicle at the intersection of that street with another street, if the collision did not result from wanton and reckless conduct of the driver of the second vehicle.

In the circumstances above described, the illegal act of driving the motor vehicle in the direction prohibited by the ordinance was the efficient cause of the accident, without which it could not have happened, and was not a mere condition.

The driver of the first motor vehicle in such circumstances was not entitled to the protection afforded by G. L. c. 89, § 8, which enacted that every driver of a vehicle approaching an intersecting way should grant the right of way to vehicles approaching from his right.

TWO ACTIONS OF TORT, described in the opinion.   Writs dated, respectively, February 17 and February 24, 1925.

The action of *Widronak* v. *Lord* was brought in the county of Middlesex; that of *Lord* v. *Herman* was brought in the county of Norfolk.   On motion by the plaintiff Lord, the actions were ordered tried together in the county of Middlesex.   Trial was before *Macleod*, J.   Material facts are stated in the opinion.   The judge denied a motion by the defendant Herman that a verdict be ordered in his favor in the second action.   There was a verdict for Lord in both actions: as defendant in the first action, and as plaintiff in the sum of $350 in the second action.   Widronak

in the first action and Herman in the second alleged exceptions.

*M. Palais*, for the plaintiff Widronak and the defendant Herman.

*A. E. Yont*, for Lord.

CARROLL, J.   These two actions of tort are to recover damages because of a collision on January 11, 1925, between two automobiles at the intersection of Prospect Street and Harvard Street, in Cambridge.   The plaintiff Widronak was injured by the collision of Lord's car with Herman's car in which Widronak was a passenger.   The plaintiff Lord seeks to recover damages caused to his car by the collision.

Lord's car was moving on Prospect Street.   Herman's car was going in a northerly direction on Harvard Street.   This was in violation of an ordinance of the city of Cambridge. So far as material the ordinance directed that "Vehicles shall pass only in one direction in the following named streets: . . . Harvard Street, between Columbia Street and Prospect Street, in a southeasterly direction."   About two hundred and seventy-three feet from the corner of Prospect and Harvard streets there is a post with a three-foot arrow sign pointing toward Main Street, on which is printed, "One Way Traffic."   The Herman automobile had passed this sign in going toward Prospect Street.   The jury returned a verdict for Lord in both actions.   He is hereinafter called the defendant.

Herman, and the plaintiff Widronak, hereinafter referred to as the plaintiff, excepted to the instruction that in violating the one-way street ordinance the plaintiff was a trespasser; that both the driver and the passenger in going down Harvard Street in the direction they did were trespassers.

In *Commonwealth* v. *Kingsbury*, 199 Mass. 542, it was decided that under the police power the Legislature could prohibit the passage of automobiles over certain public ways in a city or town, that this power could be delegated to a board of aldermen or selectmen.   In that case the defendant was convicted of driving his automobile on a highway from which automobiles had been excluded by the selectmen.   It is not questioned in the case before us that the restriction

imposed on the use of Harvard Street as a one-way street between Columbia Street and Prospect Street was valid. Herman therefore, in passing in his automobile over this street in the wrong direction, violated the law. Both he and the plaintiff were trespassers, and the plaintiff cannot recover because of the negligence of another. The defendant could not wantonly or recklessly drive his automobile in such a way as to injure the plaintiff and escape responsibility; but no such conduct is charged. *Dudley* v. *Northampton Street Railway*, 202 Mass. 443. The defendant owed to the plaintiff no further duty than he owed to any other trespasser. The defendant could assume that the plaintiff would not travel over Harvard Street as it approached Prospect Street in the wrong direction, and in violation of law, and could act according to this assumption.

Herman contends that his acts were merely evidence of a want of care. As was said in *Dudley* v. *Northampton Street Railway*, *supra*, at page 446, ". . . there is a distinction between an unlawful act which is at least a contributing cause of the accident and one which is merely an attendant circumstance or a condition, though perhaps a necessary condition, of that accident . . . . We are dealing here with a peculiar kind of vehicle which has only recently come into use, which requires unusual care in its management, and the presence of which upon the highways has been found to involve more than ordinary risks to other travellers." One who travels in his automobile in the wrong direction on a one-way street is as much a trespasser as one who travels on a highway from which automobiles are excluded. The travelling public act on the assumption that regulations in the use of public streets will be observed; their safety requires that this should be done. The illegal act of Herman was the efficient cause of the accident, without which it could not have happened, and was not a mere condition. *Boyd* v. *Ellison*, 248 Mass. 250, 254. The distinction between an illegal act which is a mere condition of an accident and an illegal act which is a contributing cause is fully explained in *Bourne* v. *Whitman*, 209 Mass. 155, 167–172. Herman's use of the one way street in the wrong direction was in viola-

tion of law; it was not merely a condition of the accident, it contributed directly to it.

In our opinion the driver of the Herman car was a trespasser in passing into the intersection space of Harvard Street and Prospect Street from the wrong direction. An automobile approaching from the right of the defendant, but travelling the wrong way on a one-way street, is not entitled to the protection afforded by G. L. c. 89, § 8, which enacts that every driver of a vehicle approaching an intersecting way shall grant the right of way to vehicles approaching from his right. The principle laid down in *Labay* v. *Leiken,* 252 Mass. 579, is applicable here. The fact that the plaintiff was merely a passenger in the Herman car gives him no right to recover. The highway was used illegally, he was participating in this use. As stated in *Boyd* v. *Ellison, supra,* at page 253: "The element of illegality inheres in the action and not in the mode of its exercise. The act of coasting in itself constitutes the illegality of the coaster's conduct and not the manner in which that person exercises the common right to travel upon the public ways."

In each case the exceptions are overruled.

*So ordered.*