ELIZABETH REA *vs.* CHECKER TAXI COMPANY.

Suffolk.   July 1, 1930. — September 19, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Negligence,* Motor vehicle; In use of way: "one way" street, violation of rule of park department; Contributory; Joint enterprise. *Evidence,* Presumptions and burden of proof.

At the trial of an action by a woman against a common carrier of passengers by taxicab for injuries received on a Sunday in a collision of the taxicab with another vehicle, there was evidence that the taxicab was proceeding, on a street established as a one way street by rule of municipal authority, in the direction opposite to that permitted by the rule; that the street was one hundred twenty-five feet long; that, when the plaintiff saw that the taxicab was going the wrong way on the street, she stated that fact to a companion, and almost immediately thereafter the collision occurred; that she said nothing to the driver of the taxicab, between whom and her there was a glass partition. The evidence was conflicting as to the distance the taxicab had travelled on the one way street before the accident. The driver testified that he entered the street to avoid a collision with a skidding vehicle. There was evidence that he had said that he "had a right to go in there on a Sunday." A motion that a verdict for the defendant be ordered was denied. There was a verdict for the plaintiff. *Held,* that

(1) Violation by the defendant's driver of the rule as to one way traffic was evidence of negligence on his part which was a contributing cause of the collision;

(2) The evidence did not warrant a finding that the driver was the agent or servant of the plaintiff, nor that they were engaged in a common enterprise, nor that she voluntarily had surrendered all care of herself to his caution;

(3) A finding was not required as a matter of law that the plaintiff was at fault in not attempting by protest or otherwise to prevent the violation of the rule by the driver of the taxicab or was negligent personally in any other respect;

(4) The mere presence of the plaintiff in the taxicab at the time of the violation of the rule by the driver did not prevent her maintaining an action against this defendant;

(5) Such participation by the plaintiff in the driver's illegal act, if not due to her act or omission to act, nor assented to by her, did not establish affirmatively the defence of contributory negligence;

(6) The plaintiff and the defendant, acting by its employee, the driver of the taxicab, were not, as to each other, *in pari delicto;*

(7) The motion properly was denied and the verdict was warranted.

TORT for personal injuries. Writ dated June 16, 1927.

In the Superior Court, the action was tried before *Gibbs,* J. Material evidence is described in the opinion. The driver of the taxicab testified in cross-examination that he did not remember telling the plaintiff "that that was a one-way street only on week days" and that he "had a right to go in there on Sundays"; that he "might have said it," but that he did not believe he did. A witness for the plaintiff testified "that the chauffeur of the taxicab said he had a right to be there on Sunday."

A motion by the defendant that a verdict be ordered in its favor was denied. There was a verdict for the plaintiff in the sum of $1,000. The defendant alleged exceptions.

The case was submitted on briefs.

*T. H. Mahony,* for the defendant.

*L. R. Chamberlin & R. J. Cook,* for the plaintiff.

FIELD, J. This is an action of tort for negligence brought to recover damages for personal injuries, alleged to have been sustained by the plaintiff by reason of a collision between a taxicab, owned and operated by the defendant and in which the plaintiff was riding, and another automobile. The answer was a general denial and an allegation of contributory negligence on the part of the plaintiff. A verdict for the plaintiff was returned November 27, 1929. The case is before us on the defendant's exception to the denial of its motion for a directed verdict in its favor.

The motion was denied rightly.

The evidence tended to show that on Sunday, January 23, 1927, the plaintiff, while riding as a passenger, with another woman, in a taxicab owned by the defendant (a common carrier of passengers for hire), and being driven by an employee of the defendant on a street in Boston, which, by a rule of the park department of the city, was a one-way street, in a direction opposite to that prescribed by the rule, received injuries by reason of a collision between the taxicab and an automobile going in the other direction. There was evidence that "at and about the point of collision" the street was "slippery, downgrade, icy," that the taxicab was moving slowly prior to the accident and that

the other automobile skidded and struck the taxicab.  There was conflicting testimony whether the taxicab then had stopped or was moving.  The driver of the taxicab testified that he entered the one-way street — which went straight ahead, while the street for one-way traffic in the other direction curved to the right — to avoid hitting another automobile which was skidding, but there was other testimony from which it could be inferred that he did so because he thought the limitation to one-way traffic was not in effect on Sunday.  There was evidence that there was "a glass partition between . . . [the driver] and the passengers," who were "sitting on the back seat."  The plaintiff's companion, called as a witness by the plaintiff, testified that "when the plaintiff saw the taxicab chauffeur going down the wrong way into this one-way street, the plaintiff said, 'It is a one-way street and the chauffeur should not go down there'; that almost immediately thereafter the collision occurred, but that the plaintiff said nothing to the chauffeur before the collision at any time, about his being on a one-way street headed in the wrong direction."  The one-way street was about one hundred twenty-five feet long.  The evidence was conflicting as to the distance thereon traversed by the taxicab before the accident.

The jury were warranted in finding that the plaintiff's injuries were caused by the defendant's negligence.  Violation of the rule of the park department by the driver of the taxicab was not only in itself a wrongful act, apart from negligence, rendering him a trespasser on the one-way street as to other persons using it lawfully (*Widronak* v. *Lord*, 269 Mass. 238, 240, 241; see also *Dudley* v. *Northampton Street Railway*, 202 Mass. 443, 448, 449; *Brown* v. *Alter*, 251 Mass. 223; *MacDonald* v. *Boston Elevated Railway*, 262 Mass. 475, 476; and compare as to the law after June 1, 1930, St. 1930, c. 57); but was also, at least, evidence of negligence of the driver and, therefore, of his employer, the defendant.  *DiFranco* v. *West Boston Gas Co.* 262 Mass. 387, 389–390.  *MacDonald* v. *Boston Elevated Railway, supra.* It could have been found that violation of the rule by the

driver of the taxicab was "a contributing cause of the accident" and not "merely an attendant circumstance or a condition, though perhaps a necessary condition" thereof. *Widronak* v. *Lord*, 269 Mass. 238, 240, quoting *Dudley* v. *Northampton Street Railway*, 202 Mass. 443, 446. The jury were not required to find that the driver of the taxicab turned into the one-way street under stress of sudden danger and we need not consider the effect of such an emergency upon the defendant's liability.

It could not have been ruled as matter of law that the plaintiff was precluded from recovery by reason of the violation of the rule of the park department. The evidence did not warrant a finding that the driver was the agent or servant of the plaintiff (*Pendleton* v. *Boston Elevated Railway*, 266 Mass. 214, 217), nor that they were engaged in a common enterprise — in short, that the plaintiff was anything other than a mere passenger, without control over the driver beyond giving directions as to her destination — nor that the plaintiff voluntarily surrendered all care of herself to the caution of the driver. *Bullard* v. *Boston Elevated Railway*, 226 Mass. 262, 264, 265. We place at one side all questions which would be raised by evidence warranting any of these findings. See *Loftus* v. *Pelletier*, 223 Mass. 63, 65. The evidence did not require, if indeed, as we need not determine, it warranted, a finding that in the circumstances of the case the plaintiff was at fault in not attempting by protest or otherwise to prevent the violation of the rule of the park department by the driver of the taxicab or was negligent personally in any other respect. See *Ingalls* v. *Lexington & Boston Street Railway*, 205 Mass. 73, 76; *Bullard* v. *Boston Elevated Railway*, 226 Mass. 262, 265; *Pendleton* v. *Boston Elevated Railway*, 266 Mass. 214, 217, 218; *Gallup* v. *Lazott*, 271 Mass. 406, 409, 410. If the rule of the park department was violated without fault of the plaintiff, her presence in the taxicab at the time of the violation of the rule did not prevent her maintaining an action against this defendant. It is true that under the decision of *Widronak* v. *Lord, supra,* a passenger in an automobile,

which is proceeding in the wrong direction on a one-way street in violation of a traffic rule, as well as its driver, participates in the illegal use of the street and, therefore, is a trespasser thereon, as against a person lawfully using the street, and cannot recover against such a person, in the absence of wilful or reckless conduct (at pages 240, 241), and that there is no evidence in this case of such conduct on the part of any person. Proof of such participation by the plaintiff however, if such participation was not due to her act or omission or assented to by her, does not establish affirmatively the defence of contributory negligence. See *Gould* v. *Elder*, 219 Mass. 396, 398; *Gondek* v. *Cudahy Packing Co.* 233 Mass. 105, 111; *Evans* v. *Rice*, 238 Mass. 318, 320. Nor does such proof establish the fact that the plaintiff was a trespasser as against the driver of the taxicab, shown by the same evidence to have been using the street unlawfully. See *Dudley* v. *Northampton Street Railway, supra; Koonovsky* v. *Quellette*, 226 Mass. 474, 478. As between them, the park department rule was for the protection of the plaintiff and the driver's duty was the same as toward a person lawfully using the street. See *Buckley* v. *Arthur J. Hickey Family Laundry Co.* 261 Mass. 348, 350. The plaintiff and the defendant, acting by its employee, the driver of the taxicab, were not, as to each other, *in pari delicto.* Compare *Old Colony Railroad* v. *Slavens*, 148 Mass. 363, 366; *Boott Mills* v. *Boston & Maine Railroad*, 218 Mass. 582, 584.

*Exceptions overruled.*