HARVEY A. SCRANTON, JR., *vs.* GEORGE T. M. CROSBY.

HARVEY A. SCRANTON *vs.* SAME.

Plymouth.     April 7, 1937. — June 29, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence*, Violation of law, In use of way.  *Way*, Public: "one way"
    street.

Under G. L. (Ter. Ed.) c. 89, § 10, a boy riding a bicycle in the wrong
    direction on a one-way street in violation of a town by-law was not
    barred from maintaining an action for injuries received by reason of
    another's negligence while he was so doing, unless the violation in
    fact contributed to his injuries.

TWO ACTIONS OF TORT.  Writs in the Superior Court
dated October 20, 1933.

The actions were tried together before *Sheehan*, J.   There were verdicts for the plaintiffs in the sums, respectively, of $2,550 and $1,056.   The defendant alleged exceptions.

*T. F. O'Brien*, (*G. P. Ponte* with him,) for the defendant.

*E. J. Campbell*, for the plaintiffs.

Qua, J.   The plaintiff in the first action, hereinafter called the plaintiff, a boy between seven and eight years of age, was injured at an intersection of ways in West Bridgewater by a collision between the bicycle upon which he was riding and an automobile driven by the defendant.   The second action is by the father of the plaintiff for consequential damages. The plaintiff emerged into the intersection from a "one-way" street on which he had been riding his bicycle in the forbidden direction.   However, in answer to a question, the jury found specially that the plaintiff's violation of law did not "contribute to the cause of the accident."

The defendant contends that the plaintiff, merely by travelling in the forbidden direction, as matter of law contributed to cause the accident;  that the finding of the jury to the contrary cannot be supported;  and that the judge should have directed a verdict for the defendant.

Before the enactment of St. 1930, c. 57, now G. L. (Ter. Ed.) c. 89, § 10, there would have been much weight in the defendant's contention.   This court had decided in *Widronak* v. *Lord*, 269 Mass. 238, that the operator of a vehicle on a "one-way" street in violation of an ordinance was a trespasser, who could not recover for the negligence of another.   That case followed the analogy of earlier decisions holding that an operator of an unregistered automobile or a person coasting on a way in violation of an ordinance was in effect a trespasser and, if injured, could recover only for wilful or wanton conduct.   See also *Rea* v. *Checker Taxi Co.* 272 Mass. 510.   The cases in which this principle has been explained and applied rest upon the theory that the illegal element in the plaintiff's conduct permeates his whole course of action while the violation continues and enters into every act and movement out of which injury results.   *Chase* v. *New York Central & Hudson River Railroad*, 208 Mass. 137,

158. *Bourne* v. *Whitman,* 209 Mass. 155, 172. *Stowe* v. *Mason,* 289 Mass. 577, 583.

But the act of 1930 provided that the violation of an ordinance limiting traffic to one direction should not, "in respect to any civil liability," render the operator, the vehicle or any occupant "a trespasser upon said way." That statute was passed at the next session of the Legislature after the decision in *Widronak* v. *Lord.* It is reasonable to suppose that its purpose was to mitigate what was thought to be a hardship in the law as declared in that case. If the defendant's contention should prevail that purpose would be only partly accomplished, because as to parties plaintiff the mere act of travelling in the forbidden direction would still remain as matter of law an absolute bar to recovery. Plaintiffs would still be regarded as "trespassers" upon the way.

All that the statute does is to free the wrongdoer from the burdens consequent upon being a "trespasser." It does not say that his violation of law is to be ignored for all purposes. It does not change the familiar rule that his illegal conduct is evidence of negligence as to consequences which the ordinance was intended to prevent. See cases collected in *Wynn* v. *Sullivan,* 294 Mass. 562, 566. It does not purport to interfere with the broad principle, expounded in *Newcomb* v. *Boston Protective Department,* 146 Mass. 596, that a plaintiff cannot recover if the illegal quality in his act contributes to his injury. See *Baggs* v. *Hirschfield,* 293 Mass. 1, 2. But it does mean that for purposes of civil liability, as to both plaintiffs and defendants, the illegal quality or element is no longer to consist of "trespass," that is to say of the fact of travelling on the street in the wrong direction, viewed as a whole, including therein every act and motion incidental thereto, with respect to all consequences of the travelling. In a civil action, the illegal quality or element is henceforth to be confined to the direction of the travelling, with respect to such consequences as may have resulted from going in the forbidden direction as contrasted with going in the permitted direction. For example, if the operator of an automobile is injured or injures another by running

against some obstacle left in the way, the direction in which he was proceeding might well be found to be immaterial, while on the other hand, if he is injured or injures another as the result of driving against the stream of traffic, the direction in which he was proceeding might well be found to be determinative.

To put the matter more succinctly, we think that the Legislature intended to place violation of a "one-way" ordinance on the same footing as violation of the "law of the road," *Patrican* v. *Garvey*, 287 Mass. 62, 64, *Gallagher* v. *Wheeler*, 292 Mass. 547, 555, placing or parking a vehicle in a forbidden position on the way, *Newcomb* v. *Boston Protective Department*, 146 Mass. 596, *Falk* v. *Finkelman*, 268 Mass. 524, 527, leaving railroad cars in the street at an intersection, *Stowe* v. *Mason*, 289 Mass. 577, 583, riding without lights, *Hoxie* v. *Bardwell*, 287 Mass. 121, driving without a driver's license, *Bourne* v. *Whitman*, 209 Mass. 155, 171, and many other instances where violation of law has been held to bar recovery if the illegal element in the forbidden act contributed to cause the injury, but not if that element was merely an attendant circumstance. And the statute, by excluding the former conception of "trespass," in effect confines the illegal element to the direction in which the vehicle is proceeding. Whether the illegality is a cause or only a circumstance is commonly, though not always, a question of fact.

So here, the jury, on all the evidence, were not obliged to find that the fact that the plaintiff emerged from a "one-way" street on which he had been travelling in the wrong direction contributed to cause the collision. They could properly treat that fact as a mere condition or attendant circumstance which did not bar recovery.

If the defendant considered the judge's charge inadequate on the question of cause, he should have taken proper steps at the trial to have the matter corrected.

What has been said covers all questions raised and argued.

We have considered the cases without regard to the fact, if it be a fact, that at the moment of collision the plaintiff had passed wholly out of the "one-way" street, although of

course the jury might take that fact into account as one of the circumstances. See *Labay* v. *Leiken,* 252 Mass. 579; *Query* v. *Howe,* 273 Mass. 92, 96.

*Exceptions overruled.*