## No. 4828
## JOSEPH H. SOUZA
### v.
## ADRIEN J. GOVEN d/b/a
## QUALITY DOUGHNUT

(May 2, 1955)

*Eno, J.* This is an action of tort for personal injuries as a result of the defendant's negligence. The defendant's answer contains in addition to a general denial, pleas denying that the places are public ways, and calling for proof thereof; contributory negligence and violation of law by the plaintiff; nuisance; and the statute of limitations.

The reported evidence is as follows:

"The plaintiff's motor vehicle was proceeding southerly on River Street, a one-way street, in the wrong direction. The operator of the defendant's motor vehicle was proceeding easterly on Franklin Street, a one-way street, in the right direction. A large building on the north-westerly corner of the intersection of River and Franklin Streets partially blocked the view of the operators of the respective motor vehicles. The plaintiff first saw the defendant's motor vehicle by looking through the window of a tailor shop in the aforementioned building, at a distance 3 car lengths from the point of impact. At that time, the plaintiff was 29 feet from the point of impact. The plaintiff did not know he was on a one-way street going in the wrong direction.

River Street is 33 feet wide from curbing to curbing. The plaintiff entered the intersection at a speed of 5 miles per hour. Franklin Street is 26 feet wide from curbing to curbing. The motor vehicles met in collision in the intersection of River and Franklin Streets after the front end of the plaintiff's vehicle had moved ¾ the width of the intersection. The points of contact were the front end of the defendant's motor vehicle and the right front of the plaintiff's motor vehicle on the side between the front end and the door. The defendant operator did not stop at a stop sign in the intersection. After collision, the plaintiff's front end was swung by the contact in a 45 degree arc. The defendant's vehicle stopped dead on contact. Both vehicles remained in the intersection."

The defendant claims to be aggrieved by the granting of the plaintiff's requests for rulings:

"1.   The evidence warrants a finding for the plaintiff.

2.   The evidence warrants a finding that the plaintiff was in the exercise of due care."

and the denial of his requests by the trial judge (MacDonnell, J.) for the reasons hereinafter stated:

"1.   That the plaintiff, at the time of the accident, was engaged in an act in violation of law."

"The plaintiff did not know that he was on a 'one-way' street as the signs so intended to indicate were not visible to him—the blank side of the notice was all he could see. He was unaware of the fact that the street was one way. Lack of proper warning contributed to the accident. Not his negligence. There was, therefore, no intentional violation of law on his part, as there were no warnings visible to him."

"2.   That the plaintiff's violation of law is evidence of his negligence."

"Is answered by No. 1."

"3. That the plaintiff's violation of law is causally related to the accident and, therefore, precludes him from recovery."

"See No. 1."

"4. That on all the evidence, the defendant is entitled to a finding in his favor."

"On all the evidence I find that the plaintiff is entitled to recover from the defendant the damages sustained by him and that the defendant was guilty of the negligence which resulted in the damages sustained by the plaintiff."

The trial judge made no other findings of facts and found for the plaintiff.

Formerly, an operator of a motor vehicle on a "one-way" street in violation of an ordinance was a trespasser, who could not recover for the negligence of another. *Widronak v. Lord,* 269 Mass. 238. Later the following statute was enacted.

"The violation by the operator or driver of a motor vehicle or other vehicle of any rule, regulation, ordinance or by-law limiting traffic on any specified way to traffic moving in one direction shall not, in respect to any civil liability, render such operator or driver, or such vehicle or any occupant thereof, a trespasser upon said way". St. 1930, c. 57, §1, now G. L. c. 89, §10.

While the adoption of this act freed the plaintiff from the burdens consequent upon being a "trespasser", it did not change the rule that illegal conduct is evidence of negligence as to consequences which such an ordinance was intended to prevent. *Briggs v. Hirshfield,* 293 Mass. 1; *Scranton v. Crosby,* 298 Mass. 15.

And the plaintiff cannot recover if the illegal quality in his act contributed to his injury. *Newcomb v. Boston Protective Dept.,* 146 Mass. 596.

While it is usually a question of fact whether or not the illegal act was a cause or only a condition,

*Scranton v. Crosby,* 298 Mass. 15, 18, the trial judge did not find that the plaintiff's violation of law had no causal connection with the accident, but denied the defendant's first two requests that the plaintiff was violating the law and that that was evidence of negligence.

The reasons given by the trial judge for denying these requests are not supported by the reported evidence. Nowhere in the report do we find any evidence that the signs were not visible to the plaintiff. It only shows that his "motor vehicle was proceeding southerly on River Street, a one-way street, in the wrong direction" and that he "did not know he was on a one-way street, going in the wrong direction."

It was immaterial that the plaintiff did not know he was violating the law or that he had no intention of doing so, *Baggs v. Hirshfield,* 293 Mass. 1, unless he was relieved of the obligation of knowing that the street was one-way by G. L. c. 89, s. 9: "No such designation of a through way shall become effective as to regulation of traffic at any point of intersection with any other way until said officer shall have caused suitable warning signs or signals to be erected at or near such point."

We think, therefore, that it was prejudicial error to deny the defendant's requests for rulings numbered 1 and 2.

*Finding for plaintiff is vacated and case remanded for new trial.*

James Leo Foster, for the plaintiff.
John F. Finnerty, for the defendant.