FRANK CARON *vs.* THE LYNN SAND & STONE COMPANY.

CARMINE SPACONE *vs.* SAME.

Essex.   December 4, 1929. — February 6, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence*, Imputed, Joint enterprise. *Practice, Civil*, Requests, rulings and instructions, Exceptions. *Evidence*, Presumptions and burden of proof.

At the trial together of two actions for personal injuries received by the plaintiffs while riding, at the suggestion of the driver, in an automobile which came into a head on collision with a truck of the defendant, there was no evidence that the relation of principal and agent or of master and servant existed between the driver of the automobile and either plaintiff. There was evidence that the driver of the automobile was negligent. The plaintiff in the first action testified that, when he first noticed the defendant's truck approaching, it was swaying from side to side; that he did not know there was going to be an accident; "that he did not say a word or do a thing"; that the driver of the automobile "was driving about eighteen miles an hour at the time of the accident; that it happened so quickly that he did not have a chance to say anything." The plaintiff in the second action testified that he saw the approaching truck when it was about two hundred feet away; that he was "thinking of his own matters, and that he left the driving of the automobile to . . . the driver. 'I left it to him to drive. It was his own car. He had all the privilege.'" *Held*, that

(1) The question, whether the plaintiff in the first action had entrusted the entire care of himself to the driver of the automobile, was for the jury;

(2) The evidence showed that the plaintiff in the second action voluntarily had surrendered all care for himself to the driver;

(3) It was proper for the judge to refuse in each action to rule that negligence of the driver of the automobile, if any, was not to be imputed to the plaintiff;

(4) It was proper for the judge in each action to refuse to rule that there was no evidence that the plaintiff had surrendered all care of himself voluntarily to the driver of the automobile;

(5) It was proper for the judge to instruct the jury relating to the law which they should apply if they found that either plaintiff had surrendered all care of himself to the driver of the automobile.

To constitute a common or joint enterprise between the driver of the automobile and the plaintiff in either of the actions above described, and thereby to make the doctrine of joint enterprise applicable as a branch of imputed contributory negligence, it was necessary that it

should appear that such plaintiff had an equal right to direct and control the conduct of the driver concerning the acts or omissions which contributed to cause the injury.

The bills of exception filed by the plaintiffs and allowed by the judge in the actions above described each stated that there was evidence for the jury that the driver of the automobile was negligent, and that "On all the evidence the jury might have found either that the driver of the defendant's truck was negligent or that he was not negligent." While it appeared that both of the plaintiffs and the driver of the automobile were carpenters and contractors and that one of them was building a home for the driver in another town than that to which they were driving and had had business with him earlier on that day, all three denied that at the time of the accident they had any business with one another. Subject to exception by the plaintiff, the judge refused in each action to rule that there was no evidence that the plaintiff was engaged in any joint enterprise with the driver of the automobile, and gave to the jury instructions correct in substance with respect to the law which would be applicable if they found that either plaintiff at the time of the accident was engaged in a joint enterprise with the driver of the automobile. There were no special findings by the jury, and a general verdict was returned for the defendant in each action. *Held*, that

(1) The burden was on the defendant to prove in each action that the plaintiff and the driver of the automobile were engaged in a joint enterprise;

(2) There was no evidence to warrant a finding that when injured either plaintiff was engaged with the driver of the automobile in any business or occupation in which they were jointly interested;

(3) The judge erred in refusing to give the instruction requested;

(4) It not appearing from the record on what grounds the jury found for the defendant, the issue of joint enterprise might have been considered by them material, and the judge's error was prejudicial;

(5) Although the law upon the question of joint enterprise as stated in the charge was correct, it ought to have been omitted as there was no evidence to which it was applicable;

(6) The exceptions were sustained.

Disbelief of testimony is not the equivalent of proof of facts contrary to that testimony.

Two ACTIONS OF TORT, each for personal injuries received by the plaintiff therein while in an automobile driven by one Smith and due to a collision between it and a truck of the defendant. Writ in the first action in the Superior Court dated December 13, 1926. Writ in the second action in the First District Court of Essex dated December 4, 1926.

On the removal of the second action to the Superior Court, the actions were tried together before *Dillon*, J. Material evidence is described in the opinion.

At the close of the evidence, each plaintiff asked for the rulings quoted in the opinion. They were refused and each plaintiff saved exceptions to such refusal.

Each plaintiff also saved exceptions to portions of the charge relating to a surrender by him of all care of himself to Smith, and relating to the plaintiffs' being engaged in a joint enterprise with Smith, on the ground that there was no evidence warranting instructions on these subjects.

There were verdicts for the defendant, and each plaintiff alleged exceptions as above stated.

The cases were submitted on briefs.

*F. J. Cloutman & J. F. Doyle*, for the plaintiff Caron.

*W. H. McSweeney, M. J. McSweeney, & J. A. Murphy*, for the plaintiff Spacone.

*W. E. Sisk, R. L. Sisk, & J. W. Santry*, for the defendant.

CROSBY, J.  These are two actions to recover for personal injuries received by the plaintiffs while riding in an automobile driven by one Smith, which collided with a truck owned by the defendant and operated by its agent. It was conceded at the trial that the driver of the truck was acting within the scope of his employment at the time of the accident. The truck weighed thirteen thousand, eight hundred pounds, was six to eight feet wide and twenty-one feet long. The accident occurred on October 27, 1926, at about 12:45 P.M., at or near the intersection of Danvers Road and Essex Street, public ways in Swampscott. It is stated in the bill of exceptions in each case that there was evidence for the jury that the driver of the automobile was negligent, and that "On all the evidence the jury might have found either that the driver of the defendant's truck was negligent or that he was not negligent." The actions were tried together and the jury returned a verdict for the defendant in each case. They are before us on exceptions taken by each plaintiff to the refusal of the trial judge to grant certain rulings requested, and to his refusal to change or modify certain instructions given, and to other instructions.

In both cases there was evidence from the defendant's driver that he was proceeding towards Salem on Essex

Street in Swampscott; that he first noticed the automobile driven by Smith coming in the direction of Lynn from Salem, when it was about three hundred and fifty feet back from the intersection of Danvers Road and Essex Street; that it was proceeding at a rate of thirty-five to forty miles an hour; and that he did not notice its speed slacken.    The plaintiffs introduced evidence tending to show that the truck suddenly turned in front of the automobile in an apparent effort to enter Danvers Road; that Smith, whose automobile was on the right of the truck, turned to the left to avoid a collision and the driver of the truck at the same time turned "sharply" to his right as a result of which the collision occurred.    The defendant introduced evidence tending to show that the truck remained in a proper position all the time, and that Smith drove his automobile against the truck as it was moving slowly on Essex Street.

It is agreed that as a result of the collision both plaintiffs sustained severe bodily injuries.   The automobile was a five passenger sedan and Caron was seated on the front seat at the right of Smith; Spacone, the plaintiff in the second case, was seated in the rear.

Caron testified that he had known Smith for about three months before the accident and had business with him in Salem during the forenoon of the day of the accident; that the business was finished before he started to ride with him to Swampscott; that Smith picked up Spacone on the way to Swampscott, and that neither Smith nor Spacone was doing any business for him; that he never had ridden with Smith before; that as they approached the place where the accident occurred they were travelling about eighteen or twenty miles an hour; that no one in the car was in a hurry as far as he knew; that he first noticed the truck when Smith's automobile was about sixty feet from Danvers Road, and the truck about two hundred feet back from that road, "halfway down the hill from the Bridge and . . . going fast, [with] the rear end . . . bouncing from side to side"; that it "was coming zigzag down the street . . . in the middle of the tracks; [that] the truck

was going thirty miles an hour when . . . [he] first noticed it; and [that] . . . [he] did not remember that . . . [it] diminished its speed before the accident except that when . . . [it] turned to the left it was going about eighteen miles an hour; and then the truck turned to the right."

The defendant, on the other hand, introduced evidence tending to show that the truck was proceeding along the right hand side of Essex Street in the direction of Salem at a speed of six to eight miles an hour; that at the time of the collision its speed had been reduced to four miles an hour, and that it had then nearly come to a stop. Photographs taken immediately after the collision and before the position of the cars had been changed were admitted in evidence, and showed the truck on the extreme right side of Essex Street looking in the direction of Salem. There was a governor on the truck which limited its speed to fifteen miles an hour. Upon the conflicting evidence, the question, whether the collision was due to negligence of the driver of the truck, was for the jury.

Caron further testified that he was building a house for Smith in Marblehead but did not intend to go there at the time of the accident; that when he first noticed the truck it was swaying from side to side; that he did not know there was going to be an accident; "that he did not say a word or do a thing; that Smith was driving about eighteen miles an hour at the time of the accident; that it happened so quickly that he did not have a chance to say anything."

Smith testified that at the time of the accident he was taking Caron to a house in Swampscott which Caron was constructing; that he was not on his way to Boston, he was going to take Caron to Swampscott and then he and Spacone were going back to Marblehead; that any business he had with Caron was concluded in Salem before they started for Swampscott, but he did not recall what business he had with Caron that day. There was evidence that after the accident Smith said that he was driving Spacone to Boston, and from there the latter intended to go to New York. This statement was made in the presence of Spacone and was not denied by him at that time.

Spacone testified that Caron was in the automobile when he got in; that all three were going to Swampscott, taking Caron there, and then Smith and he were going to Marblehead where Spacone was building houses; that he did not do or say anything when he saw the truck approaching. Caron, Spacone and Smith were all carpenters and contractors.

At the close of the evidence, each plaintiff requested the judge to give the following instructions: (1) "As a matter of law the jury are instructed the negligence of the driver Smith, if any, is not to be imputed to the plaintiff"; (2) "There is no evidence that the plaintiff surrendered all care of himself voluntarily to the driver Smith"; and (3) "There is no evidence the plaintiff was engaged in any joint enterprise with the driver Smith." To the refusal of the trial judge to give these instructions each plaintiff excepted.

In considering the first and second requests, the relation between the plaintiffs and Smith must first be determined. There is no evidence which would warrant a finding that the relation of principal and agent or master and servant existed between Smith and either plaintiff. It could have been found, however, that both plaintiffs were riding in the automobile as guests of Smith. The evidence in Caron's case raised a question of fact whether he entrusted the entire care of himself to Smith. In his case the issues whether he had done so and whether the negligence of Smith, if any, should be imputed to him, were therefore properly submitted to the jury, and the plaintiff's first and second requests rightly were refused. *Shultz* v. *Old Colony Street Railway*, 193 Mass. 309. *Bullard* v. *Boston Elevated Railway*, 226 Mass. 262. *Donoghue* v. *Holyoke Street Railway*, 246 Mass. 485. *Harter* v. *Boston Elevated Railway*, 259 Mass. 433. *Farr* v. *Whitney*, 260 Mass. 193.

In the case brought by Spacone, he testified on cross-examination that he saw the approaching truck when it was about two hundred feet away; that he was "thinking of his own matters, and that he left the driving of the automobile to Smith, the driver. 'I left it to him to drive.

It was his own car. He had all the privilege.'" Upon this testimony it is manifest that he voluntarily surrendered all care for himself to the care of the driver. He neither said nor did anything to protect himself from injury. Obviously, therefore, it would have been improper for the judge to have ruled the contrary as matter of law, and he was right in refusing to give Spacone's first and second requests. *Pigeon* v. *Massachusetts Northeastern Street Railway*, 230 Mass. 392. *Lambert* v. *Eastern Massachusetts Street Railway*, 240 Mass. 495. *Oppenheim* v. *Barkin*, 262 Mass. 281.

To constitute a common or joint enterprise between two or more persons and thereby make the doctrine of joint enterprise applicable as a branch of imputed contributory negligence, it must appear that such persons have an equal right to direct and control the conduct of the others concerning the acts or omissions which contributed to cause the injury. In such circumstances the negligence of either of such persons is imputed to each of the others. It is the contention of the defendant that if Smith was found to be negligent in the operation of the automobile, such negligence is imputable to the plaintiffs on the ground that they were all engaged in a joint enterprise. It was said in *Barry* v. *Harding*, 244 Mass. 588, 592–593: "We do not think the acceptance of an invitation to ride in the circumstances disclosed by the evidence constitutes an engagement in a joint enterprise, even if the person accepting has reason to know that the person inviting is acting in so doing without the scope of his authority; because there is lacking in the facts the essential elements which constitute in the law of negligence a joint enterprise: that is, the evidence does not warrant a finding that the plaintiff had an equal right with the driver in respect of the control of the automobile; that it does not warrant a finding that he had power to control the means, or an equal right to direct the conduct of the undertaking; nor does it show a community of interest in the object and purpose to be subserved by the giving and acceptance of the invitation to carry the plaintiff to the place where he might take control of the street car. *Eline* v. *Western Maryland Railway*, 262 Penn.

St. 33. *Cunningham* v. *City of Thief River Falls*, 84 Minn. 21, 27. Persons walking together are not identified as joint undertakers. *Barnes* v. *Marcus*, 96 Iowa, 675. The fact that persons ride together in the relation of host and guest is not sufficient. *Withey* v. *Fowler Co.* 164 Iowa, 377. The common purpose of riding together for pleasure does not alone establish a joint enterprise. *Lawrence* v. *Sioux City*, 172 Iowa, 320."

The entire evidence in the cases at bar respecting the question of joint enterprise is found in the testimony of the plaintiffs and of Smith. The burden was on the defendant to prove that the plaintiffs and Smith were engaged in a joint enterprise. Although there was evidence that each plaintiff and Smith were engaged in building operations and all followed the same occupation, there was no evidence to warrant a finding that when the plaintiffs were riding with Smith they were engaged in any business or occupation in which they were jointly interested. Each plaintiff was bound by his testimony. If it was believed, there was nothing to support an inference of a joint enterprise. If it was disbelieved, the testimony of the plaintiffs was not proof of a joint enterprise. *Wakefield* v. *American Surety Co. of New York*, 209 Mass. 173, 177. "Disbelief of testimony is not the equivalent of proof of facts contrary to that testimony." *Boice-Perrine Co.* v. *Kelley*, 243 Mass. 327, 330. There was a general verdict for the defendant in each case.

As no special questions were submitted to the jury, we have no means of determining upon what grounds the verdicts for the defendant were arrived at. If, as the jury would have been warranted in finding, there was no negligence on the part of the driver of the truck, the issue whether the plaintiffs were engaged in a joint enterprise would become immaterial. The jury may have found for the defendant on that issue. The plaintiff in each case excepted to the refusal of the trial judge to instruct the jury, in substance, that there was no evidence that the plaintiff was engaged in a joint enterprise with Smith. The exceptions to the refusals to give those requests must be sus-

tained.   In each case the plaintiff also excepted to that portion of the judge's charge relating to the question of joint enterprise.   Although the law upon the question as stated in the charge was correct, it ought to have been omitted as there was no evidence to which it was applicable. In each case the entry will be

*Exceptions sustained.*