MARGARET THOMPSON *vs.* WINFIELD M. SIDES.

Essex. April 7, 1931. — June 1, 1931.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Negligence*, Joint enterprise. *Motor Vehicle*, Operation. *Agency*, Existence of relation. *Practice, Civil*, Charge to jury, Exceptions.

The mere facts, that a wife, the registered owner of an automobile, was sitting beside her husband, who was operating it, on a journey to spend the week end with the wife's sister, do not constitute evidence that they were engaged in a joint enterprise so that his lack of care would be imputed to her and preclude her from recovery in an

action of tort for personal injuries and damages to the automobile resulting from a collision with another automobile negligently driven by the defendant.

At the trial of the action above described, the plaintiff asked the judge to instruct the jury: "To constitute a common enterprise, the occupant must have an equal right of control with the driver, and an equal right to direct the conduct of the undertaking." The judge, in his charge, instructed the jury, "If she [the plaintiff] was there in that car engaged in a joint enterprise or a common undertaking with him [her husband], even if he was not her agent, she would be bound by his conduct"; and that if there was a joint undertaking and the plaintiff's husband was lacking in proper care, it would be imputed to her; that if this relation did not exist and the plaintiff was her husband's guest, she would not be bound by his lack of care; that she could recover if she was exercising due care for herself and there was no joint enterprise. The jury found for the defendant. *Held*, that sufficient instructions were not given to the jury as to the essential elements of a joint enterprise and that there was error prejudicial to the plaintiff.

In an action of tort for damages resulting from a collision of a motor vehicle, owned by and registered in the name of the plaintiff and driven by another, with a motor vehicle operated by the defendant, St. 1928, c. 317, § 1, has no application to the determination of the question, whether there was a relation of principal and agent between the plaintiff and the driver of his motor vehicle.

TORT. Writ dated January 18, 1929.

In the Superior Court, the action was tried before *Pinanski*, J. Material evidence and rulings by the trial judge are described in the opinion. There was a verdict for the defendant. The plaintiff alleged exceptions.

*W. M. Espovich*, for the plaintiff.

*M. A. Cregg & H. A. Cregg*, for the defendant, submitted a brief.

CARROLL, J. This action is to recover for personal injuries and for damage to an automobile owned by the plaintiff and registered in her name. At the time of the collision with the defendant's vehicle, the plaintiff was in the front seat of her automobile sitting beside her husband who was operating it. They were going from Haverhill to Newton to spend the week end with the plaintiff's sister. The case was tried with a cross action. The record shows that as the plaintiff and her husband proceeded along the highway, she "looked out around and in front of her, and

when the collision with the automobile operated by the defendant seemed imminent she raised her arm." There was evidence which would have warranted the finding that the defendant was negligent. The jury found for the defendant.

The plaintiff asked the judge to instruct the jury: "To constitute a common enterprise the occupant must have an equal right of control with the driver, and an equal right to direct the conduct of the undertaking." The judge, in his charge, instructed the jury, "If she [the plaintiff] was there in that car engaged in a joint enterprise or a common undertaking with him [her husband], even if he was not her agent she would be bound by his conduct." The jury were further instructed, in substance, that if there was a joint undertaking and the plaintiff's husband was lacking in proper care, it would be imputed to her; that if this relation did not exist and the plaintiff was her husband's guest, she would not be bound by his lack of care; that she could recover if she was exercising due care for herself and there was no joint enterprise.

There was no evidence that the plaintiff and her husband were engaged in a joint enterprise so that his lack of care would be imputed to her. The elements necessary to establish a joint undertaking were wanting. All that appears is that the husband and his wife were on a trip to Newton to spend the week end with the plaintiff's sister. The fact that they were riding together for pleasure is not enough to establish a joint enterprise. As was said in *Barry* v. *Harding*, 244 Mass. 588, at 592–593: "the evidence does not warrant a finding that the plaintiff had an equal right with the driver in respect of the control of the automobile; . . . it does not warrant a finding that he had power to control the means, or an equal right to direct the conduct of the undertaking." *Donoghue* v. *Holyoke Street Railway*, 246 Mass. 485. *Dumas* v. *Ward*, 251 Mass. 497. *Caron* v. *Lynn Sand & Stone Co.* 270 Mass. 340.

Sufficient instructions were not given to the jury as to the essential elements of a joint enterprise. In effect, they were told that if there was a joint enterprise the plaintiff

could not recover. The jury could have found, if they followed the instructions, that the plaintiff could not recover although she exercised proper care for herself. Without some instructions as to the nature of a joint enterprise they might have thought that there was a joint or common undertaking because the husband and wife were riding to the same place in the same motor vehicle. The judge's attention was directed to this point by the plaintiff's request for an instruction as to facts necessary to establish a joint enterprise. In our opinion the instructions given were not adequate, and the error was harmful to the plaintiff.

The judge read to the jury § 1 of St. 1928, c. 317, enacting that in an action for damages arising out of a collision of motor vehicles, evidence that the motor vehicle "was registered in the name of the defendant as owner shall be *prima facie* evidence that it was then being operated by and under the control of a person for whose conduct the defendant was legally responsible." The judge then proceeded to instruct the jury that under the statute the fact that the vehicle was registered in the name of Mrs. Thompson was *prima facie* evidence that it was operated in her behalf and by one for whose conduct the plaintiff was responsible. It may be that some confusion arose because of the fact that this case was tried with a cross action, but we must decide the question of law raised on the record. The statute had no application to the action in which she was the plaintiff. The statute, in terms, applies only to a defendant, and it has no relation to a plaintiff whose motor vehicle is involved in a collision. The ordinary rule applies in such cases. The instruction as to the meaning of the statute in the instant case was error. The jury from the instructions given them could have found that the plaintiff under the statute was responsible for the conduct of her husband although she was exercising proper care for her safety. The judge's attention was brought to this matter. The plaintiff at the close of the charge excepted to the portion of the charge which referred to the statute "as bearing upon the question of agency."

We are of opinion that the jury were not sufficiently instructed regarding the essence of the joint enterprise; that there was error in the instructions given concerning St. 1928, c. 317, § 1, as applied to the plaintiff in her action.

*Exceptions sustained.*