Henchey, J.
This is an action of tort in which the plaintiff seeks to recover damages to her automobile. In her declaration the plaintiff alleges that her duly registered automobile, driven with due care by a duly licensed operator, who was a bailee, was damaged by an automobile which was operated in a careless, reckless, and negligent manner by “the defendants”, or “by their servants and agents”. The defendants filed answers of general denial, contributory negligence, and on the part of the defendant, Gladys A. Mooney, a denial of agency. After a trial, during which both the plaintiff’s and the defendants’ requests for rulings were granted, the trial judge, in a written “Finding”, *58 awarded the plaintiff the sum of One Hundred Fifty-five Dollars and Fifty-seven Cents ($155.57) “against both defendants”. The defendants thereupon filed a “Motion to Correct”, the substance of which was that the finding was inconsistent with the rulings on the defendants’ request and therefore should be set aside. This motion was denied and the case comes before us upon the defendants’ claim of aggrievement.
The substance of the trial judge’s findings were as follows: The plaintiff’s automobile, properly registered in her name, was being driven, at the time of the accident, by her husband, with her permission, but upon business of his own. The automobile, owned by and registered in the name of the defendant, Gladys A. Mooney, was operated by her husband, Paul F. Mooney, also a defendant, with her permission. Mr. Mooney was going to drop off his son at school as he went back to his employment. The accident happened upon a public highway in Lexington, Massachusetts.
After reviewing the facts involving the collision, the trial judge found that the operator of the plaintiff’s car was in the exercise of due care, but that the defendant, Paul F. Mooney operated the car of the defendant, Gladys A. Mooney, in a negligent fashion, that he was driving the said car “in a common enterprise or joint undertaking of carrying their son to school”, and that “such negligence was within the scope of the common enterprise or joint undertaking”. It is not our function to review these findings of fact, especially where they are based upon oral evidence, which is conflicting. We can, however, review any rulings of law made by the trial judge upon these findings. Bresnick vs. Heath, 292 Mass. 293. Furthermore, since there is *59 sufficient support in the evidence for the findings of negligence and due care, they must be accepted as final. Castano vs. Leone, 278 Mass. 429.
We are compelled to conclude, however, that there was prejudicial error committed in the denial of the motion to correct. The trial judge allowed the defendants’ request to the effect that if the plaintiff has sued both defendants in one count, the plaintiff must prove that both defendants were engaged in a joint or mutual undertaking. There is no support in fact or in law for the conclusion that the defendants were engaged in a joint enterprise. And it is only upon the theory of a “joint enterprise”, that the plaintiff can recover in this action, as the trial judge correctly ruled when he granted the defendants’ request. If the relationship of principal and agent existed between the defendants they could not be joined as defendants in a single action. Johnson vs. Carroll, 272 Mass. 134.
To constitute a joint enterprise, thereby making the doctrine of a joint enterprise applicable as a branch of imputed negligence, it must appear that the persons engaged in the joint enterprise have an equal right to direct and control the conduct of the other concerning the acts or omissions which contributed to cause the injury, together with a community of interest in the objects to be accomplished. Barry vs. Harding, 244 Mass. 588; Caron vs. Lynn Sand and Stone Co., 270 Mass. 340. Mere ownership of the vehicle, or even ownership coupled with one’s presence in the vehicle at the time of the accident is not sufficient in and of itself to establish a joint enterprise if the right and power to control is not retained. Wheeler vs. Darmochwat, 280 Mass. 553; Sanjean vs. Hyman, 302 Mass. 224. In the instant case the defendant owner was not in the car *60 at the time of the accident. Certainly she did not retain the power to control the vehicle. In Thompson vs. Sides, 275 Mass. 568, the court held that there was no evidence of a joint enterprise where a husband was driving his wife’s car to spend the week-end with his wife’s sister and was accompanied on the trip by his wife. And in Nash. vs. Lang, 268 Mass. 407, where a wife allowed her husband to use her car to make professional calls, the court held that the wife’s interest in her husband’s success was not enough to make it a joint enterprise. In the instant case the fact that the defendant operator was driving their boy to school seems to us no more cogent a reason for concluding that there was a joint enterprise than was present in Nash vs. Lang, supra.
The plaintiff has gone forward on the theory of a joint enterprise and has failed, although she has established negligence on the part of the operator.
Judgment for the plaintiff to be vacated unless within fourteen days plaintiff discontinues as to Gladys A. Mooney, otherwise, judgment to be entered for the defendants.