*Southern District*

## THEARLE J. LACEY
### v.
## FRANK W. BLACZCZAK ET AL

*Callan, J.* In this action of tort for property damage to an automobile and also for personal injuries to the plaintiff the defendants filed an answer of general denial, contributory negligence and non-liability.

The case was tried in the District Court with an allied case of Blaczczak v. Lacey involving the same facts.

The evidence tended to show that on August 3rd, 1952 the plaintiff was the owner and operator of an automobile proceeding westerly at about seven o'clock P.M. on Maxfield Street in New Bedford and was in collision with an automobile owned by the male defendant and operated by the female defendant on the license of the male defendant who was in the

car while proceeding northerly on Pleasant Street, both public ways, and both crossing at right angles. At the time, the weather was clear and the streets dry.

The female defendant had no driver's license but had driven automobiles for fifteen years. On this occasion the male defendant permitted her to operate his automobile while he accompanied her; that he knew she had no license and could have taken over the operation of the car at any time. At the southwest corner of the intersection there is a house quite close to the sidewalk line making it somewhat of a blind corner.

There was evidence that the plaintiff had seen the defendant's car proceeding north on Pleasant Street about two hundred feet south of the intersection and did not see it again until it appeared on his left followed suddenly by an impact of the two cars in the intersection. At the time the plaintiff was proceeding at about five miles per hour. There were no stop signs at the intersection. The plaintiff's car was damaged on the left rear while the defendant's car showed damage on the middle front. The plaintiff suffered personal injuries although no complaint of any was made by him at the time.

So far as the female operator is concerned there was evidence that she did not see the plainaiff's car until "he shot out in front of me at the rate of thirty miles per hour". The defendant's car stopped at the point of impact and the plaintiff's car tipped but continued on to the west to the south curb of Maxfield Street. Each driver claimed to have entered the intersection first.

The court made a finding of facts. Seven requests for rulings were duly filed by the plaintiff. All requests except Nos. 1 and 7 were allowed as matters of law but not as being in accordance with the facts found. Request No. 1 was denied as there was no evidence offered thereon and the court found that speed did not play an important part in the accident. Request No. 7 was denied in the face of the findings of fact made by the judge and consequently did not

compel the findings asked for. Judgement was made for the defendant on all counts, and the plaintiff claiming to be aggrieved by the denial of rulings and requests, wherever the same were denied, claims a report to the Appellate Division.

In request No. 1 the judge was asked to rule that "as a matter of law the evidence requires a finding that the territory contiguous to the intersection of Pleasant and Maxfield Streets at the site of the accident is a thickly settled district within the meaning of G. L. c. 90 § 1." In the plaintiff's request No. 7 a ruling was asked that "upon all the law and evidence, the plaintiff is entitled to recover because:

(a) The plaintiff had rightly entered into the intersection and at all times exercised the care of the reasonably prudent man prior to the collision of automobiles.

(b) The evidence warrants a finding that the plaintiff was neither contributorily nor solely negligent.

(c) The evidence warrants a ruling that the defendant was negligent.

The denial by the judge of the plaintiff's request No. 1 on the ground that there was no evidence that the territory contiguous to the intersection in question was a thickly settled district within the meaning of G. L. c. 90, § 1 and that speed did not play an important part in the accident was proper. This was a question of fact. While there was evidence of a house being located on the southeast corner of the intersection close to the corner, the only other evidence was that "there were buildings close together". There is no indication from this as to how far these buildings were from the intersection or the actual number, nor their size. Neither was there any evidence that would bring the location within the term "thickly settled district" as defined by G. L. c. 90, § 1. *Clay v. Pope, etc. Co.* 273 Mass. 40.

Request for ruling No. 7 with its three sub-sections was denied because of the judge's finding of facts. The judge finding as he did that both drivers were negligent could not compel the ruling requested.

There is ample evidence upon which the judge was warranted in finding the facts as he did. If there was negligence on the part of the plaintiff he cannot recover. *Duggan v. Bay State Street Ry.*, 230 Mass. 370. Neither does it aid the plaintiff in the fact that the judge found the female defendant's negligence was imputed to the male defendant. *Bourne v. Whitman*, 209 Mass. 155; *Caron v. Lynn Sand & Stone Co.*, 270 Mass. 340. G. L. c. 90, § 10.

All other requests were granted as correct statements of law and if the judge was called upon in any of these requests to make certain findings of fact he was not obliged to do so where such findings are not required as matter of law upon the evidence. *Perry v. Hanover*, 314 Mass. 167.

Accordingly, we find that the plaintiff has not been prejudiced and an order is to be entered of "Report dismissed."