Linda Ann CARDELL, p.p.a., Josephine Cardell and Joseph A. Cardell

v.

Angeline Y. MORRISON, as the Administratrix of the Estate of James R. Morrison, and Charles E. Renaud.

Civ. A. No. 53-742-A.

**818**

James Donnelly, Jr., Ceaty, Ceaty, MacCarthy & Donnelly, Worcester, Mass., for plaintiff.

Robert N. Daley, Parker, Coulter, Daley & White, Boston, Mass., for defend-. ant.

ALDRICH, District Judge.

Defendant Renaud's motion for a new trial raises a question of some consequence. The plaintiffs were injured by Renaud's car, driven by one Morrison. The car was registered by Renaud in Massachusetts. The accident occurred in Connecticut. Morrison was killed. The undisputed evidence showed that Morrison was driving alone; that he and Renaud were two of four roommates, co-employees of a road contractor, temporarily rooming together at a hotel in Connecticut on location, from which Morrison took the car; that Renaud and Morrison knew each other, but that there was no other connection between them. Renaud testified that Morrison took his keys without permission while he was at work and Morrison had the day off. This evidence was not contradicted.

Mass.Gen.Laws (Ter.Ed.) Ch. 231, § 85A, provides as follows:

> "In all actions to recover damages for injuries to the person or to property or for the death of a person, arising out of an accident or collision in which a motor vehicle was involved, evidence that at the time of such accident or collision it was registered in the name of the defendant as owner shall be *prima facie* evidence that it was then being operated by and under the control of a person for whose conduct the defendant was legally. responsible, and absence of such responsibility shall be an affirmative defènce to be set up in the answer and proved by the defendant."

My attention was not called to any law of Connecticut, plaintiffs relying on the Massachusetts statute. Under Klaxon Co. v. Stentor Electric Mfg. Co., Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477, I appear obliged to apply this statute to an out-of-state accident if the Massachusetts courts would. I concluded they would, and let the case go to the jury, which returned verdicts for the plaintiffs against Renaud as well as the

estate of the operator. If this was error, the verdicts against Renaud should be set aside.

I find no Massachusetts case directly on this question. It does not seem to me that this statute is quite the same as one on burden of proof as to contributory negligence. Cf. Sampson v. Channell, 1 Cir., 110 F.2d 754, 128 A.L.R. 394, certiorari denied 310 U.S. 650, 60 S.Ct. 1099, 84 L.Ed. 1415. Although it makes registration *prima facie* evidence, and does not establish a presumption, Thomes v. Meyer Store, Inc., 268 Mass. 587, 168 N.E. 178, analogies might well be drawn to presumptions. A presumption founded upon a rational inference, such as that of due care, may logically be applied to foreign torts. Even in the case of presumptions, however, doubts may arise as to the propriety of such application as their rationality, or strength of inference, decreases. I suspect that such doubts may have fathered Judge Magruder's concurring opinion in Sylvania Electric Products, Inc., v. Barker, 1 Cir., 228 F. 2d 842. Moreover, both a *res ipsa* case, discussed there, and an ordinary presumption, may disappear when there is evidence to control them, Sweeney v. Erving, 228 U.S. 233, 33 S.Ct. 416, 57 L.Ed. 815; Duggan v. Bay State Street Railway Co., 230 Mass. 370, 119 N.E. 757, L.R.A.1918E, 680, while *prima facie* evidence never does. Arrigo v. Lindquist, 324 Mass. 278, 85 N.E.2d 782; Rappe v. Metropolitan Life Ins. Co., 320 Mass. 376, 69 N.E.2d 584.

It is difficult to say that this statute is founded on any very strong rational inference. In Thomes v. Meyer Store, Inc., supra, 268 Mass. at page 589, 168 N.E. at page 179, the court said, it was "not purely arbitrary." That would seem to be about as far as one could go, particularly having in mind that its basis is not ownership alone, but the act of registration. Bartley v. Almeida, 322

Mass. 104, 76 N.E.2d 22; Kelly v. Railway Express Agency, Inc., 315 Mass. 301, 52 N.E.2d 411. An inference that the driver had the lawful permission of the registered owner is one thing, cf. Moroni v. Brawders, 317 Mass. 48, 57 N.E.2d 14, but it is going a considerable distance to say that registration by the owner in January warrants an inference that the person driving the car the following summer was the owner's agent, acting in the scope of his authority. Note, also, that the statute applies only to defendants, and not to plaintiffs, Thompson v. Sides, 275 Mass. 568, 176 N.E. 623, and to personal injury and not consequential damage. Wilson v. Grace, 273 Mass. 146, 173 N.E. 524. I find it hard to say that this is not substantive law affecting liability, rather than a genuine matter of evidence.* For Massachusetts to apply it extraterritorially would seem of very doubtful propriety.

If the matter were entirely of first impression I would hold that this statute is not to be applied to foreign torts. However, if distinctions are to be made, I believe under the present circumstances the appellate court the appropriate one to make them, and that I should not.

This means, accordingly, that not only was the burden upon the defendant, but there was some evidence in favor of the plaintiff. I am still faced with the question of whether, on all the evidence, I can in good conscience permit the verdict to stand. The evidence must be taken to have established that Renaud and Morrison's only connection was of being two of four co-employees temporarily rooming together in Connecticut. While this fact would easily warrant an inference that Morrison had Renaud's permission to borrow the car, I can think of no explanation of what Morrison would have been doing on Renaud's business driving the car out of

---

\* The Massachusetts court does appear to hold that the statute is evidentiary, and procedural only. Wilson v. Grace, supra, Thomes v. Meyer Store, Inc., supra. However, these cases did not involve foreign causes of action.

town, with Renaud in town, at 8 o'clock in the evening. Even if Renaud's denial of agency be entirely disbelieved, the great weight of the evidence as a whole persuades me that as against Renaud the verdicts must be set aside.